McDonald, j.
|2A grocery store patron appeals a summary judgment dismissing his slip and fall *600 suit against the grocer. The trial court determined the patron failed to produce factual evidence to establish that he could carry his burden of proof at trial under the Merchant Liability Statute. We affirm and remand.
FACTS AND PROCEDURAL HISTORY
John Nash filed suit against Rouse’s Enterprises, LLC, d/b/a Rouse’s Market, claiming he was injured on August 16, 2013, when he slipped and fell on spilled rice at Rouse’s Market in Slidell, Louisiana. Rouse’s answered the suit and filed a reconventional demand against Mr. Nash, seeking damages, costs, and attorney fees, if a determination of Mr. Nash’s intentional concealment or misrepresentation was made. Mr. Nash generally denied Rouse’s allegations.
Rouse’s later filed a motion for summary judgment claiming Mr. Nash could not prove it had actual or constructive notice of the spilled rice or that it failed to exercise reasonable care. Mr. Nash filed an opposition memorandum to Rouse’s motion but attached no supporting affidavits or evidence. After a hearing, the trial court signed a judgment granting Rouse’s motion and dismissing Mr. Nash’s claims with prejudice.[1] Mr. Nash appeals contending the trial court erred in granting the summary judgment and failed to follow this Court’s recent opinion in Carter v. Hi Nabor Super Market, LLC, 13-0529 (La.App. 1 Or. 12/30/14), 168 So.3d 698, writ denied, 15-0190 (La.4/17/15), 168 So.3d 399.
DISCUSSION
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show there is no genuine issue as to material fact and that the movant is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2); Tomaso v. Home Depot, U.S.A., Inc., 14-1467 (La.App. 1 Cir. 6/5/15), 174 So.3d 679, |s681.[2] The burden of proof remains with the movant. LSA-C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require that he negate all essential elements of the adverse party’s claim, action, or defense. Instead, the movant must point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If he fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment. LSA-C.C.P. art. 966(C)(2).
An appellate court reviews a trial court’s grant of summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material, for purposes of summary judgment, can be seen only in light *601 of the substantive law applicable to the case. Tomaso, 174 So.3d at 681.
Under the Merchant Liability Statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. LSA-R.S. 9:2800.6(A). In a negligence claim against a merchant for damages because of a fall due to a condition existing on the merchant’s premises, a claimant shall have the burden of proving, in addition to all other elements of his cause of action, that: (1) the condition presented an unreasonable risk of harm-to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. LSA-R.S. 9:2800.6(B); Mills v. Cyntreniks Plaza, LLC, 14-1115 (La.App. 1 Cir. 8/19/15), 182 So.3d 80, 84, writ denied, 15-1714 (La.11/6/15), 180 So.3d 308; Tomaso, 174 So.3d at 681. Under this heavy burden of proof, if any one of these elements cannot be established, the claimant’s entire action will fail. Mills, 182 So.3d at 82.
Rouse’s argues that Mr. Nash cannot prove that it either created or had actual or constructive notice of the condition causing him injury or that it failed to exercise reasonable care. Constructive notice means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. LSA-R.S. 9:2800.6(0(1). Though there is no bright line time period, a claims ant must make a positive showing that the hazardous condition existed for some period of time before the fall and that such time was sufficient to place the merchant on notice of its existence. Clark v. J-H-J, Inc., 13-0432 (La.App. 1 Cir. 11/1/13), 136 So.3d 815, 817-18, writ denied, 13-2780 (La.2/14/14), 132 So.3d 964, citing White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1082; Ross v. Schwegmann Giant Super Mkts., Inc., 98-1036 (La.App. 1 Cir. 5/14/99), 734 So.2d 910, 913, writ denied, 99-1741 (La.10/1/99), 748 So.2d 444.
Mr. Nash .argues that Rouse’s own evidence shows the rice was on the floor for about 15 minutes before he fell and this satisfies the temporal element of the constructive notice requirement. In support of its motion, Rouse’s filed affidavits from two store employees, Bobby Foster, a,floor maintenance .clerk, and Stephen Kelly, a grocery director. In his affidavit, Mr. Foster stated that he swept Aisle 3 at about 11:45 a.m. and, within 5 to 7 minutes of completing the. task, he saw a man sitting on the'floor. In his affidavit, Mr. Kelly stated that he inspected the store, specifically including Aisle 3, at 11:50 a.m. and saw no foreign substances on the floor. A copy of the manager’s floor inspection record attached to Mr.. Kelly’s affidavit corroborates that his inspection occurred at 11:50 a.m. Rouse’s also filed the affidavit of David Zepeda, a vendor who was stocking merchandise on Aisle 3 when Mr. Nash’s alleged fall occurred. Mr. Zepeda attested that he saw a Rouse’s employee sweep Aisle 3, that a couple passed him within 7 to-10 minutes of .that sweeping, and he then saw- the man on the floor several minutes later. According to Mr. Zepeda’s witness report, written on the day of the incident, he did not see or hear the man fall but saw him on the floor not -more than 10 minutes after | Aisle 3 had been swept. The Rouse’s accident report, also written on the day of the incident, *602 States that Mr. Nash’s fall occurred at about noon.
After reviewing the evidence de novo, we agree with the trial court’s reasons for judgment and conclude the trial court correctly granted summary judgment in Rouse’s favor. See t LSA-C.C.P. art. 966(C)(2). That is, even though Rp.use’s .evidence may show that the rice was on the floor for some period of tipie before the fall, Mr. Nash has produced no factual evidence to establish this temporal requirement. It is undisputed that' Aislé 3 was swept at' 11:45 a.m., the store Was inspected at' 11:50 á.m., and Mr. Nash was on the floor by noon, within minutes of the sweep and inspection. At most, Rouse’s evidence shows there was about a 10-minute timeframe within which the rice could have been on the floor. Mr. Nash has produced no positive evidence to show that the rice was on the floor any period of time, much less that it was there such time as was sufficient to place Rouse’s on notice of its existence or that Rouse’s failure to detect the rice within that' short timeframe was a lack of “reasonable care.” See LSA-R.S. 9:2800.6(C)(1). And, contrary to Mr. Nash’s argument, Carter v. Hi Nabor Super Market, LLC, does not h'olcl that summary judgment is precluded when a merchant’s constructive notice is at issue.
Because Mr. Nash has failed-to present factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial under LSA-R.S. 9:2800.6(B), there is no genuine issue of material fact, and Rouse’s is entitled to summary judgment. See LSA-C.C.P. art. 966(C)(2); Mills, 182 So.3d at 85.
CONCLUSION
For the foregoing reasons,* the trial court’s judgment is affirmed. This matter is remanded for further proceedings. Appeal costs are assessed to John Nash.
AFFIRMED; REMANDED.

. Even though it does not dispose of Rouse’s reconventional demand, the summary judgment in this case constitutes an appealable partial final judgment under LSA-C.C.P. art. 1915(A)(3).

. The summary judgment law was recently amended by 2015 La. Acts No. 422, but the provisions of Act 422 do "not apply to any motion for summary judgment pending adjudication or appeal on [January 1, 2016],”