GUIDRY, J.
*107 Plaintiff/Appellant, Amber Nicole Hicks, appeals from an August 11, 2016 trial court judgment granting summary judgment in favor of defendant, Town of Maringouin, and dismissing her claims against it with prejudice. Additionally, the Town of Maringouin filed an application for supervisory review, seeking review of a separate trial court judgment signed on April 25, 2018, denying its motion to strike and exception raising the objection of prescription. For the reasons that follow, we affirm the August 11, 2016 judgment and deny the Town's application for supervisory review.
FACTS AND PROCEDURAL HISTORY
On April 13, 2013, Jennifer Christophe was operating a 2005 Hyundai westbound on Landry Drive approaching its intersection with Railroad Avenue in the Town of Maringouin (the Town). Hicks was a passenger in Christophe's vehicle. At the same time, Brienne Washington was operating a 1997 Toyota owned by Morris Miller, the father of Washington's passenger, Kiawana Miller, heading southbound on Railroad Avenue. Washington executed a left turn, entered the intersection of Landry Drive and Railroad Avenue, and collided with the vehicle operated by Christophe.
Thereafter, Christophe and Hicks filed a petition for damages, seeking damages for injuries sustained as a result of the accident and naming as defendants: Washington and her insurer, Allstate Property and Casualty Insurance Company (Allstate); Kiawana Miller and her insurer, ABC Insurance Company (ABC); and the Town.[2] As to the Town, plaintiffs asserted that it is liable for plaintiffs' damages because a stop sign that was supposed to be at the end of Railroad Avenue was not where it should have been and therefore, the Town is liable for failure to maintain the traffic control system in a reasonably prudent manner.
Plaintiffs filed a supplemental and amending petition on April 30, 2015, naming James D. "Buddy" Caldwell, Louisiana Attorney General; Sherri H. Lebas, Secretary, Louisiana Department of Transportation and Development; and Bud Thompson, Director, Louisiana Office of Risk Management, as additional defendants. Plaintiffs asserted that, alternatively, the State of Louisiana, through the Department of Transportation and Development, is the legal entity responsible for the maintenance and control of traffic signals on *108 Louisiana roadways and is liable for its failure to maintain the traffic control system in a reasonably prudent manner. Plaintiffs also filed a second supplemental and amending petition naming Christophe's uninsured/underinsured motorist insurer, Republic Fire and Casualty Insurance, as a defendant.
On April 1, 2016, the Town filed a motion for summary judgment, asserting that plaintiffs are unable to establish that the Town had custody and control of the roadway and stop sign at issue and alternatively, that plaintiffs cannot establish that the Town had actual or constructive notice that the stop sign was missing. The Town attached a copy of the deposition of Lee Butler, utility superintendent for the Town, to its motion. Thereafter, plaintiffs filed an opposition, attaching an affidavit from Hicks and several pictures of the road, intersection, and street sign.
The hearing on the Town's motion was set for June 2, 2016. However, the trial court continued the matter to July 21, 2016. Thereafter, the Town filed a supplemental and amended memorandum in support of its motion for summary judgment, asserting that the affidavit signed by Hicks and filed in response to its motion for summary judgment conflicts with her prior deposition testimony, that she offers no explanation or justification for any inconsistency, and as such, it does not create a genuine issue of material fact where one did not previously exist. The Town also requested that the photographs attached to plaintiffs' opposition be stricken as not complying with La. C.C.P. art. 966(A)(4). The Town attached a copy of Hicks's deposition to its supplemental memorandum.
The plaintiffs filed a supplemental opposition on July 12, 2016, asserting that Hicks's affidavit was not a material change from her previous deposition testimony and arguing that the photographs were properly before the court on the motion for summary judgment, because they were attachments to Christophe's deposition. Plaintiffs attached a copy of Christophe's deposition to their supplemental opposition in addition to the deposition testimony of Hicks and an affidavit from Anitra Anderson.
The Town thereafter filed a reply to plaintiffs' supplemental opposition. The Town moved to strike plaintiffs' response as an expansion of the pleadings, due to its non-conformity with La. C.C.P. art. 966, and as being in violation of the trial court's instructions on June 2, 2016. The Town claimed that the June 2, 2016 hearing was continued to allow the parties additional time to brief the issue of subsequently filed affidavits, but that plaintiffs had taken the opportunity to expand the pleadings, submit new evidence that had not been disclosed during discovery, and to submit additional evidence not compliant with La. C.C.P. art. 966.
Following a hearing on July 21, 2016, the trial court signed a judgment granting the Town's motion to strike the photographs attached to plaintiffs' opposition as not in conformity with La. C.C.P. art. 966 ; granted the Town's motion to strike the affidavit of Hicks as it was not filed timely and falls within the subsequently filed affidavit rule;[3] and granted the Town's motion for summary judgment, dismissing all of plaintiffs' claims against it with prejudice. Hicks filed a motion for devolutive appeal from the trial court's judgment.
After Hicks filed her motion for appeal, she filed in this court a Motion to Continue *109 Date to File Appellant's Brief and Supplement the Record, individually and on behalf of her minor child, Dustin O'Brien Dixon, Jr. After this court granted Hicks's motion, she thereafter filed a Second and Third Motion to Continue Date to File Appellant's Brief and Supplement the Record, also individually and on behalf of her minor child. Hicks also filed a motion to stay the appeal and correspondence, all individually and on behalf of Dixon.
Thereafter, Hicks filed in the trial court, individually and on behalf of Dixon, a petition to annul judgment and a Second Ex-Parte Motion to Supplement the Appellate Record. The Town responded by filing a motion to strike the petition and any reference to Dixon in these proceedings and also filed an exception raising the objection of prescription, claiming Hicks's claims on behalf of Dixon, raised for the first time in Hicks's Motion to Continue Dates to File Appellant's Brief, are prescribed. Thereafter, the trial court signed a judgment on April 25, 2018, denying Hicks's motion to supplement the appellate record; denied the Town's motion to strike Hicks's Second Ex-Parte Motion to Supplement the Appellate Record, finding that the appellate court should decide this issue; and denied the Town's exception raising the objection of prescription, finding that it lacked jurisdiction to consider the exception because the matter was on appeal.
On May 23, 2018, the Town filed a motion to strike in this court, requesting that this court strike any reference to Dixon in the prior motions filed by Hicks in this court and also filed an exception raising the objection of prescription, seeking to dismiss all claims for damages of Hicks on behalf of her minor child, Dixon. Additionally, the Town filed an application for supervisory writs seeking review of the trial court's April 25, 2018 judgment denying its motion to strike and exception raising the objection of prescription. The writ application was referred to the panel hearing the appeal, and we now consider the merits of the appeal, as well as the Town's writ application, motion to strike, and exception raising the objection of prescription.
DISCUSSION
Motion for Summary Judgment
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. M/V Resources LLC v. Louisiana Hardwood Products LLC, 16-0758, p. 8 (La. App. 1st Cir. 7/26/17), 225 So.3d 1104, 1109, writ denied, 17-1748 (La. 12/5/17), 231 So.3d 624. A motion for summary judgment is properly granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. M/V Resources LLC, 16-0758 at p. 9, 225 So.3d at 1109. A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966(F).
On a motion for summary judgment, the burden of proof is on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before *110 the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).
In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to determine the truth of the matter but instead to determine whether there is a genuine issue of triable fact. Clark v. J-H-J Inc., 13-0432, pp. 3-4 (La. App. 1st Cir. 11/1/13), 136 So.3d 815, 817, writ denied, 13-2780 (La. 2/14/14), 132 So.3d 964. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Nash v. Rouse's Enterprises, LLC, 15-1101, p. 3 (La. App. 1st Cir. 2/26/16), 191 So.3d 599, 600-601.
A plaintiff may recover damages from a public entity, such as the Town, under a theory of negligence based on La. C.C. art. 2315 or a theory of custodial liability based on La. C.C. art. 2317, as modified by article 2317.1 and La. R.S. 9:2800. Morgan v. City of Baton Rouge, 06-0158, p. 5 (La. App. 1st Cir. 4/4/07), 960 So.2d 1013, 1016, writ denied, 07-1239 (La. 9/21/07), 964 So.2d 342. The burden of proof is the same under either negligence or custodial liability. The plaintiff must prove: (1) the public entity had custody of the thing that caused the plaintiffs damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time; and (4) the defect was a cause in fact of the plaintiff's injuries. Morgan, 06-0158 at pp. 5-6, 960 So.2d at 1016.
In seeking summary judgment, the Town asserted that the plaintiffs are unable to establish that the Town had custody of the stop sign or that it had notice of the missing stop sign prior to plaintiffs' accident. In support of its summary judgment, the Town submitted the deposition testimony of Lee Butler, the utility superintendent for the Town. Butler stated that the stop sign at Railroad Avenue was a state stop sign. Butler further stated that prior to the accident at issue, he had never received a complaint or any notification that the stop sign was down. On the date of the accident, Butler stated that he was contacted by a police officer, went to the accident scene, noticed that the stop sign on the north side of Railroad Avenue was missing, and replaced the sign at the request of the officer. However, Butler stated that the State later replaced the sign temporarily put up by the Town after the accident with one of its own signs.
Accordingly, the Town pointed out that plaintiffs are unable to establish that the Town either had custody of the stop sign at issue or that it had notice that the stop sign was missing prior to the accident, and the burden shifted to the plaintiffs to come forward with evidence demonstrating that they would be able to meet their burden of proof at trial. In an effort to meet this burden, the plaintiffs submitted the affidavit of Hicks, wherein she states:
I personally observed Lee Butler and another city employee known only to me as Moe, taking down the standard grey steel poled stop signs throughout the *111 City and replacing them with the black New Orleans style poles approximately one-week prior [to] the accident that occurred on April 13, 2013 ... [and] particularly remember them replacing the sign located at the intersection of Railroad Avenue and Landry Drive.
However, Hicks's affidavit contradicts her prior deposition testimony, wherein she stated that "they were changing-painting the stop signs/[poles]" around the time of the accident, but she did not know who was painting the poles.
A subsequent affidavit in contradiction to prior deposition testimony is not sufficient to create an issue of fact precluding summary judgment without some explanation or support for the contrary statement. McCastle-Getwood v. Professional Cleaning Control, 14-0993, p. 7 (La. App. 1st Cir. 1/29/15), 170 So.3d 218, 222 ; see also Douglas v. Hillhaven Rest Home, Inc., 97-0596, p. 6 (La. App. 1st Cir. 4/8/98), 709 So.2d 1079, 1083, writ denied, 98-1793 (La. 10/30/98), 727 So.2d 1161 ; LeBlanc v. Dynamic Offshore Contractors. Inc., 626 So.2d 16, 21 (La. App. 1st Cir. 1993). Because Hicks does not offer any explanation for her inconsistent testimony, we find that the affidavit is not sufficient evidence to establish that she will be able to satisfy her evidentiary burden of proof at trial and therefore, the Town is entitled to summary judgment as a matter of law.
Motions to Strike
As previously noted, Hicks has filed several motions and correspondence in this court individually and on behalf of her minor child, Dixon. Additionally, subsequent to the lodging of her appeal with this court, Hicks filed a Second Ex-Parte Motion to Supplement the Appellate Record in the trial court, also individually and on behalf of Dixon. However, Hicks had not previously raised any claims on behalf of Dixon in the trial court, and any such claims were not before the trial court at the time the Town filed its motion for summary judgment. As such, the Town filed with this court a motion to strike any references to Dixon in the motions filed with this court and also filed a motion to strike Hicks's Second Ex-Parte Motion to Supplement the Appellate Record in the trial court, because Dixon is not a proper party to these proceedings.
A motion to strike is provided for in La. C.C.P. art. 964, which states that "[t]he court on motion of any party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is a means of cleaning up the pleadings, not a means of eliminating causes of action or substantive allegations. State, by and through Caldwell v. Teva Pharmaceuticals Industries, Ltd., 17-0448, p. 16 (La. App. 1st Cir. 2/8/18), 242 So.3d 597, 607.
Because Hicks failed to assert any claims on behalf of Dixon in the trial court prior to trial court's judgment granting summary judgment in favor of the Town, we find that any such claims are not a part of the judgment and therefore, any reference to them on appeal is impertinent. Therefore, we grant the motion to strike filed by the Town with this court, seeking to strike any references to Dixon in the motions filed with this court.
With regard to the Town's motion to strike Hicks's Second Ex-Parte Motion to Supplement the Appellate Record, the trial court denied the Town's motion, and the Town now seeks supervisory review of the trial court's decision. As evidenced by the trial court's judgment denying the Town's motion and the Town's argument in its writ application, the Town limited its motion *112 to strike to one pleading, namely, Hicks's Second Ex-Parte Motion to Supplement the Appellate Record.[4] In the same judgment denying the Town's motion to strike, the trial court also denied Hicks's Second Ex-Parte Motion to Supplement the Appellate Record. Accordingly, to the extent that the trial court denied the motion filed by Hicks, and Hicks did not seek supervisory review of the trial court's decision or file any request for supplementation with this court, we find the Town's motion to strike this pleading moot. See In re E.W., 09-1589, pp. 4-5 (La. App. 1st Cir. 5/7/10), 38 So.3d 1033, 1036-37.
Prescription
The Town has also filed an exception raising the objection of prescription, both in this court and in the trial court, claiming that Hicks has raised claims on behalf of Dixon for the first time in a motion to continue dates to file appellant's brief, and that any such claim is prescribed. The trial court denied the Town's exception filed in the trial court, finding that it lacked jurisdiction to consider the matter as it was on appeal, and the Town seeks supervisory review of the trial court's decision.
To the extent that the Town argues that reference to any claim on behalf of Dixon in Hicks's motions to continue dates to file appellant's brief somehow asserts a claim on behalf of the minor child, we note that we have stricken those references in the motions at issue pursuant to the Town's motion to strike filed with this court. Accordingly, because we have granted the Town's motion to strike any references to Dixon in the motions to continue dates to file appellant's brief, we find the Town's exception filed with this court and review of the exception filed with the trial court is moot.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of the Town and dismissing Hicks's claims against it with prejudice. We also grant the Town's motion to strike filed with this court, but we deny as moot the Town's exception raising the objection of prescription and the Town's request for supervisory review. All costs of this appeal are assessed to appellant, Amber Nicole Hicks.
JUDGMENT AFFIRMED; MOTION TO STRIKE ON APPEAL GRANTED; PEREMPTORY EXCEPTION DENIED; WRIT DENIED.

On December 3, 2015, the trial court signed an order dismissing Washington, Allstate, and Miller as defendants.

We note that the record demonstrates that the Town objected to consideration of the Hicks's affidavit as evidence in opposition to the Town's motion for summary judgment. However, it does not contain a formal motion to strike.

We note that the motion to strike contained in the Town's writ application indicates that the Town sought to strike a petition to annul judgment filed by Hicks in the trial court, which also stated that it was filed by Hicks individually and on behalf of Dixon. However, the judgment from which the Town seeks supervisory review, as well as the Town's argument in its writ application, relates solely to a motion to strike the Second Ex-Parte Motion to Supplement the Appellate Record. As such, our review is limited to this issue.