STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2018 CA 1706

LINDA ADAMS AND STACY KING,
ON BEHALF OF HER MINOR CHILD, D.K.

VERSUS

WAL-MART STORES, INC. STORE #542

JUDGMENT RENDERED: SEP 2 7 2019

* * * * * * *

Appealed from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne • State of Louisiana
Docket Number 175888 • Division "A"

The Honorable George J. Larke, Jr., Presiding Judge

* * * * * * *

Willie G. Johnson, Jr.
Jennifer O. Robinson
Sophia Riley
Derek E. Elsey
Baton Rouge, Louisiana

ATTORNEYS FOR APPELLANTS
PLAINTIFFS—Linda Adams and Stacy
King, on behalf of her minor child,
D.K.


Lynda A. Tafaro
Isidro Rene Derojas
Christopher James-Lomax
New Orleans, Louisiana

ATTORNEYS FOR APPELLEES
DEFENDANTS—Wal-Mart Stores, Inc.
and Wal-Mart Louisiana, L.L.C.

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WELCH, J.**

A store patron appeals a summary judgment dismissing her slip and fall suit against the store. The trial court determined the patron failed to produce factual evidence to establish that she could carry her burden of proof at trial under the Merchant Liability Statute, La. R.S. 9:2800.6. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Linda Adams[1] filed suit against Wal-Mart Stores, Inc. Store #542 ("Wal-Mart"), claiming she was injured on November 29, 2014, when she slipped and fell in a liquid substance on the floor at the Wal-Mart in Houma, Louisiana. After answering, Wal-Mart filed a motion for summary judgment claiming the plaintiffs could not prove that Wal-Mart created the condition or had actual or constructive notice of the liquid substance on the floor. The plaintiffs opposed Wal-Mart's motion. After a hearing, the trial court signed a judgment on August 14, 2018, granting Wal-Mart's motion and dismissing the plaintiffs' claims with prejudice. The plaintiffs appeal, contending the trial court erred in granting summary judgment.

## LAW AND DISCUSSION

Judgment must be rendered in Wal-Mart's favor, as the mover, if the pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions show that there is no genuine issue as to material fact and that Wal-Mart is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) and (4).

The burden of proof on a motion for summary judgment rests with the mover, Wal-Mart. La. C.C.P. art. 966(D)(1). In this matter, Wal-Mart will not

---

[1] The daughter of Ms. Adams, Stacy King, joined this suit against Wal-Mart on behalf of her minor child, D.K., who was present with his grandmother at the time of the incident and allegedly suffered bystander damages.

bear the burden of proof at trial; that burden of proof at trial rests with the plaintiffs. Accordingly, once the motion for summary judgment has been properly supported, then under La. C.C.P. art. 966(D)(1), Wal-Mart need only point out to the trial court the absence of factual support for one or more elements essential to the plaintiffs' slip and fall claim.

Thereafter, the burden shifts to the plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that Wal-Mart is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1). The plaintiffs may not rest on the mere allegations of denials in their pleadings, but their responses must set forth specific facts showing that there is a genuine issue for trial. If the plaintiffs do not so respond, summary judgment, if appropriate, shall be rendered against them. See La. C.C.P. art. 967(B).

Accordingly, once the motion for summary judgment has been properly supported by Wal-Mart, the failure of the plaintiffs to produce evidence of a material factual dispute mandates the granting of the motion. See **Holt v. Torino**, 2012-1579 (La. App. 1st Cir. 4/26/13), 117 So. 3d 182, 184, writ denied, 2013-1161 (La. 8/30/13), 120 So. 3d 267. If, however, Wal-Mart fails in its burden to show an absence of factual support for one or more of the elements of the plaintiffs' slip and fall claim, the burden never shifts to the plaintiffs, and Wal-Mart is not entitled to summary judgment. See **Mitchell v. Aaron's Rentals**, 2016-0619 (La. App. 1st Cir. 4/12/17), 218 So. 3d 167, 172.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Juge v. Springfield Wellness, L.L.C.**, 2018-0736 (La. App. 1st Cir. 2/28/19), 274 So. 3d 1, 5, writ denied, 2019-0513 (La. 5/28/19), 273 So. 3d 309.

3

Under the Merchant Liability Statute, La. R.S. 9:2800.6, a merchant such as Wal-Mart owes a duty to persons who use its premises to exercise reasonable care to keep the aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. 9:2800.6(A). In a negligence claim against a merchant for damages because of a fall due to a condition existing on the merchant's premises, a claimant shall have the burden of proving, in addition to all other elements of his cause of action, that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B). Under this heavy burden of proof, if any one of these elements cannot be established, the claimant's entire action will fail. **Nash v. Rouse's Enterprises, LLC**, 2015-1101 (La. App. 1st Cir. 2/26/16), 191 So. 3d 599, 601. In this matter, no party claimed that Wal-Mart created the liquid substance on the floor.

Wal-Mart argued that Ms. Adams offered no proof that Wal-Mart had actual or constructive notice of the liquid substance on the floor that caused the damage, prior to Ms. Adams' slip and fall. Constructive notice means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6(C)(1). To carry her burden of proving the temporal element of La. R.S. 9:2800.6(B)(2), Ms. Adams must make a *positive showing* of the existence of the condition prior to the fall. **White v. Wal-Mart Stores, Inc.**, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084. (Emphasis added.) Wal-Mart does not have to make a positive showing of the absence of the existence of the condition prior to Ms. Adams' slip and fall.

4

Though there is no bright line time period, Ms. Adams must show that "the condition existed for such a period of time." **White**, 699 So. 2d at 1084-85. Mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6. See **Babin v. Winn-Dixie Louisiana, Inc.**, 2000-0078 (La. 6/30/00), 764 So. 2d 37, 40 (per curiam). Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. **White**, 699 So. 2d at 1084-85.

In support of its motion, Wal-Mart attached the plaintiffs' petition for damages; the deposition of Ms. Adams; the deposition of Ms. King; the depositions of Angel Wolfertz and Darlene Williams, customers who witnessed the incident; a copy of the Wal-Mart video surveillance footage; and the affidavit of Harley Comardelle, asset protection manager of the Houma Wal-Mart. Ms. Adams testified that on the day of the incident, she visited Wal-Mart with her grandson to drop off her vehicle at the automotive center for an oil change. While waiting on her car, Ms. Adams stated she went shopping with her grandson in the toy department and then began walking towards the grocery center. She testified that she decided to go back to the automotive center to check on her vehicle. As she was walking back towards the automotive center, Ms. Adams stated, "next thing I know, I had felt something on the floor, I slipped." She did not recall the exact aisle where the slip and fall occurred. Ms. Adams testified that she did not see anything on the floor before she slipped and fell. She could not identify or

5

describe the substance she slipped in other than stating that it was "some kind of liquid" because she could feel it through her Croc shoes.

Wal-Mart customer Angel Wolfertz testified that she witnessed the incident. Ms. Wolfertz stated that she had been in the store with her daughter for approximately five minutes before the incident occurred in an aisle in the women's apparel department. Ms. Wolfertz stated that she was walking towards Ms. Adams and:

> As we approached, her left foot slipped on a little bit of water, but she caught herself. I, at this point, was within two feet of her, and when I noticed that she slipped but she caught herself, I reached to grab her hand. At this time, she is letting go of the buggy, she let go of my hand, and she sat on the floor. Then, she leaned back slowly, and then she laid down completely, and then she could not get up.

Ms. Wolfertz did not recall seeing any customers or Wal-Mart employees in the aisle or walking away from the aisle where Ms. Adams slipped. Ms. Wolfertz did not know the source of the liquid substance or how long it had been on the floor prior to the incident, although she stated it appeared "fresh."

Another Wal-Mart customer, Darlene Williams, testified that she saw Ms. Adams in the store prior to the incident and later witnessed Ms. Adams slip and fall. Ms. Williams, who is a registered nurse, first saw Ms. Adams in the layaway department. The two women had been acquainted for many years. Ms. Williams stated that, prior to her fall, Ms. Adams was having trouble speaking when responding to her questions and noted that she was walking abnormally, swaying back and forth. Approximately twenty minutes later, Ms. Williams sought out Ms. Adams to check on her. When they were about fifteen feet apart, Ms. Williams testified she saw Ms. Adams "just go down." Ms. Williams did not see any Wal-Mart employees in the aisle before Ms. Adams fell.

The affidavit of Wal-Mart's asset protection manager, Harley Comardelle, accompanied the video surveillance footage. Ms. Comardelle stated that the video footage was obtained from the closed circuit surveillance system at the store and displays an hour of footage before and after the incident. Ms. Comardelle testified that at 1:36:30 p.m. on November 29, 2014, Ms. Adams is seen walking down a main aisle and turning into the women's apparel department. Ms. Comardelle further stated that the video footage does not show any liquid on the floor prior to the incident, how any liquid came to be on the floor, or who created the alleged spill. Ms. Comardelle testified that the video footage shows no Wal-Mart employee walking in or out of the aisle where Ms. Adams slipped and fell. The actual video footage shows Ms. Adams walking down a main aisle and turning into the women's apparel department at 1:36:30 p.m. The video footage does not depict the exact aisle where Ms. Adams' slip and fall occurred nor does it show any Wal-Mart employees walking in or out of the women's apparel department.

We find that Wal-Mart pointed out the absence of factual support for the La. R.S. 9:2800.6(B)(2) requirement that it had actual or constructive notice of the liquid substance on the floor that caused the damage prior to Ms. Adams' slip and fall. Accordingly, the burden shifted to the plaintiffs to produce factual support sufficient to establish a genuine issue of material fact regarding whether Wal-Mart had actual or constructive notice of the liquid substance. See La. C.C.P. art. 966(D)(1).

In opposition, the plaintiffs argued that prior to Ms. Adams' slip and fall, a Wal-Mart co-manager did a safety sweep of the area in question approximately 13 minutes before the incident. The plaintiffs contended that sometime after that safety sweep occurred up until the moment of Ms. Adams' fall, the liquid substance came to be on the floor. The plaintiffs argued that this satisfied the temporal element of the constructive notice requirement, La. R.S. 9:2800.6(B)(2).

7

In support of its opposition, the plaintiffs submitted the deposition of Ms. King; the deposition of Ms. Adams; the deposition of Brandi Charpentier, a co-manager of the Houma Wal-Mart; and the deposition of Justin Foret, an assistant manager of the Houma Wal-Mart. Ms. Charpentier responded affirmatively to counsel's question regarding whether another co-manager named Sandy Parker walked through the scene of the incident and performed a visual safety sweep approximately 13 minutes before Ms. Adams' slip and fall. Mr. Foret stated that he performed an investigation of the incident by filling out an accident report form. Mr. Foret stated that he knew Ms. Adams slipped on "a puddle of water" roughly a foot in size. He based that statement on three photographs he took of the liquid substance after the incident occurred. Mr. Foret stated that he did not know the source of the liquid substance. Mr. Foret viewed the video surveillance footage and stated that approximately six or seven Wal-Mart employees passed by the area of the incident prior to its occurrence, and that a safety sweep was performed in the area at some point. When asked why a Wal-Mart employee did not clean up the liquid substance prior to the incident, Ms. Foret stated he did not know if the liquid substance was on the floor when other employees passed through the area.

After reviewing the evidence *de novo*, we agree with the trial court's reasons for judgment and conclude the trial court correctly granted summary judgment in Wal-Mart's favor. Wal-Mart pointed out the absence of factual support to show that it had actual or constructive notice of the liquid substance that allegedly caused the damage to Ms. Adams, prior to her slip and fall. Wal-Mart showed that the plaintiffs could not establish the exact aisle where the slip occurred, the time the slip occurred, nor describe the liquid substance on the floor. Ms. Adams testified that she did not notice anything on the floor before or after the slip and fall that may have caused her accident. Similarly, Wal-Mart showed that no Wal-Mart employee entered or exited the women's apparel department immediately prior to

the slip and fall, which is corroborated by the video footage and the witnesses' testimonies. Wal-Mart met its burden to point out the absence of factual support for the actual or constructive notice element of plaintiffs' claim by demonstrating that the plaintiffs would be unable to show that the condition existed for some period of time prior to the incident.

Thereafter, the burden shifted to the plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact regarding whether Wal-Mart had actual or constructive notice of the liquid substance. See La. R.S. 9:2800.6(B)(2) and La. C.C.P. art. 966(D)(1). The plaintiffs produced no evidence that the liquid substance was on the floor for such a period of time that it would have been discovered if Wal-Mart had exercised reasonable care. At most, the plaintiffs' evidence shows that there was an approximately 13-minute timeframe within which the liquid substance could have been on the floor. However, the plaintiffs have produced no positive evidence to show that the liquid substance was on the floor for any period of time prior to the slip and fall, much less that the liquid substance was there for a period of time sufficient to place Wal-Mart on notice of its existence, or that Wal-Mart's alleged failure to detect the liquid substance within that short timeframe was a lack of "reasonable care." See La. R.S. 9:2800.6(C)(1).

Because the plaintiffs have failed to present factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial under La. R.S. 9:2800.6(B)(2), there is no genuine issue of material fact, and Wal-Mart is entitled to summary judgment. See La. C.C.P. art. 966(C)(2); **Nash**, 191 So. 3d at 602. Accordingly, the trial court's judgment is affirmed.

**DECREE**

The trial court's August 14, 2018 judgment is affirmed. All costs of this appeal are assessed to the plaintiffs/appellants, Linda Adams and Stacy King, on behalf of her minor child, D.K.

**AFFIRMED.**