STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 0559

NAOMIE ANTHONY

VERSUS

J-H-J, INC., D/B/A SHOPPERS VALUE FOODS

**Judgment Rendered:** NOV 2 9 2023

\* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C709308

Honorable Donald R. Johnson, Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Adrejia L. A. Boutte'<br>Pride J. Doran<br>Quincy L. Cawthorne<br>Edward C. James, II<br>Alexis Davis Durio<br>Opelousas, LA<br><br>Adrian P. Smith<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant<br>Naomie Anthony |
| Nicholas J. Zeringue<br>A. Catharina Vastbinder<br>Thibodaux, LA | Counsel for Defendant/Appellee<br>J-H-J, Inc. D/B/A Shopper's Value<br>Foods |
| Michael J. Remondet, Jr.<br>Allison M. Ackal<br>Lafayette, LA | Counsel for Defendant/Appellee<br>Argonaut Great Central Insurance<br>Company |

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**GUIDRY, C.J.**

Plaintiff, Naomie Anthony, appeals from a trial court judgment granting summary judgment in favor of defendants, J-H-J, Inc. d/b/a Shopper's Value Foods (Shopper's Value) and Argonaut Great Central Insurance Company, and dismissing her slip and fall suit. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 3, 2020, Anthony was a patron at Shopper's Value located on Plank Road, Baton Rouge, Louisiana. While proceeding down an aisle in the store at approximately 7:20 p.m., Anthony slipped on a substance later identified as a broken egg and fell, causing injury. Anthony thereafter filed a petition for damages, naming Shopper's Value and its insurer, Argonaut Great Central Insurance Company, as defendants.

After answering Anthony's petition, defendants filed a motion for summary judgment, asserting that there is no genuine issue of material fact with respect to liability because Anthony cannot produce any positive evidence establishing that a hazardous condition, i.e., the broken egg, pre-existed the incident nor that Shopper's Value created the condition or had constructive notice of the condition. Additionally, defendants asserted that Anthony cannot meet her burden of otherwise proving that Shopper's Value failed to exercise reasonable care. In support of their motion, defendants submitted a copy of Anthony's deposition, photographs, a store diagram, safety inspection logs, customer complaint form, and the affidavit of Kelvin Smith, co-manager of Shopper's Value on the date of the incident. Anthony opposed the motion for summary judgment by submitting a memorandum and referencing evidence filed by defendants in support of their motion, but she did not offer any evidence in opposition to defendants' motion.

2

Following a hearing on defendants' motion, the trial court signed a judgment granting summary judgment in favor of defendants and dismissing Anthony's claims against them with prejudice. Anthony now appeals from the trial court's judgment.[1]

## STANDARD OF REVIEW

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Methvien v. Our Lady of the Lake Hospital, 22-0398, p. 4 (La. App. 1st Cir. 11/4/22), 354 So. 3d 720, 723.

The Code of Civil Procedure places the burden of proof on the party filing a motion for summary judgment. La. C.C.P. art. 966(D)(1). At the time of the hearing on defendants' motion for summary judgment,[2] Article 966(A)(4) provided that the mover can meet its burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. The mover's supporting documents must prove the essential facts necessary to carry the mover's burden. See La. C.C.P. art. 966(A)(3).

---

[1] The trial court signed a judgment on December 2, 2022, granting summary judgment in favor of defendants and from which Anthony filed a motion for appeal. However, because the judgment lacked appropriate decretal language indicating that the judgment resolved all issues between the parties or all of plaintiff's claims, this court issued an interim order on October 12, 2023, remanding the matter to the trial court for the limited purpose of requesting the trial court to sign an amended judgment in accordance with La. C.C.P. art. 1951 that specifically indicates if any or all of plaintiff's claims against defendants are dismissed and complies with La. C.C.P. art. 1918. The record was subsequently supplemented with a judgment, signed on October 26, 2023, granting summary judgment in favor of defendants and dismissing Anthony's claims against them with prejudice.

[2] Louisiana Code of Civil Procedure article 966 was subsequently amended by 2023 La. Acts No. 317, §1, effective August 1, 2023.

Once the mover properly establishes the material facts by its supporting documents, the mover does not have to negate all of the essential elements of the adverse party's claims, actions, or defenses if he will not bear the burden of proof at trial. La. C.C.P. art. 966(D)(1); Methvien, 22-0398 at p. 5, 354 So. 3d at 723. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden then shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to its motion, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1); see also La. C.C.P. art. 966, comments-2015, comment (j). If the non-moving party fails to produce sufficient factual support in its opposition which proves the existence of a genuine issue of material fact, Article 966(D)(1) mandates the granting of the motion for summary judgment. White v. Herbert, 22-1333, p. 5 (La. App. 1st Cir. 6/2/23), 369 So. 3d 898, 902.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Succession of Hickman v. State through Board of Supervisors of Louisiana State University Agricultural and Mechanical College, 16-1069, p. 5 (La. App. 1st Cir. 4/12/17), 217 So. 3d 1240, 1244.

## DISCUSSION

Under the Merchant Liability Statute, La. R.S. 9:2800.6, a merchant owes a duty to persons who use its premises to exercise reasonable care to keep the aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. 9:2800.6(A). In a negligence claim

4

against a merchant for damages because of a fall due to a condition existing on the merchant's premises, a claimant shall have the burden of proving, in addition to all other elements of his cause of action, that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B). Under this heavy burden of proof, if any one of these elements cannot be established, the claimant's entire action will fail. Nash v. Rouse's Enterprises, LLC, 15-1101, pp. 3-4 (La. App. 1st Cir. 2/26/16), 191 So. 3d 599, 601.

In seeking summary judgment, defendants asserted that in addition to not being able to prove the existence of a hazardous condition or that Shopper's Value failed to exercise reasonable care, Anthony cannot prove that Shopper's Value either created the condition or had actual or constructive notice of the condition causing her injury. Constructive notice means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6(C)(1). Though there is no bright line time period, a claimant must make a positive showing that the hazardous condition existed for some period of time before the fall and that such time was sufficient to place the merchant on notice of its existence. See White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La. 9/9/97), 699 So. 2d 1081, 1084. Mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6. Adams on Behalf of D.K. v. Wal-Mart Stores, Inc. Store #542, 18-1706, p. 5 (La. App. 1st Cir. 9/27/19), 286 So. 3d 452, 455. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without

5

an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. White, 97-0393 at pp. 4-5, 699 So. 2d at 1084-85.

In support of their motion, defendants submitted a copy of Anthony's deposition, photographs, a store diagram, safety inspection logs, a customer complaint form, and the affidavit of Kelvin Smith, co-manager of Shopper's Value on the date of the incident. In her deposition, Anthony stated that she was in the store for approximately five minutes before her fall. According to Anthony, she walked in the store behind three women and followed them through the store, toward the back of the store, when she slipped on a broken egg. Anthony stated that she did not see anything on the floor prior to her fall. Furthermore, Anthony stated that she did not see any store employees nearby when she fell and had no reason to believe that any store employee either left a broken egg on the floor or otherwise knew about a hazard on the floor before she fell. She further stated that she did not see any other patrons in the area before the incident that could have dropped the egg on the floor. Anthony admitted that she had no idea how the egg came to be on the floor and had no way to show how long it was on the floor before she fell.

The safety inspection logs indicate that a safety patrol was conducted of the entire store, beginning at approximately 6:45 p.m. that evening, with the area where Anthony fell having been patrolled between 6:50 and 6:53 p.m., and that all stations were clear of hazards. Furthermore, Smith stated in his affidavit that when he started his shift that evening at 6:30 p.m., the security guard had been performing safety inspections, but when he came on duty, he patrolled the store almost constantly looking for hazards and did not see any broken egg or other hazardous substance in the area where Anthony fell. Smith stated that he was told about the fall by another

6

store employee soon after it happened, and when he went to investigate, he saw broken egg smeared on the floor, apparently from where Anthony had walked through it. Smith subsequently reviewed store video, which did not show the fall on camera, but showed the area of the fall minutes before the incident. Smith stated that from what he could see, two customers were in the area minutes before the fall and did not appear to avoid any hazard on the floor where Anthony later slipped, which showed him that the egg was not on the floor at 7:18 p.m., just two minutes before Anthony fell.

Anthony did not dispute the evidence contained in the inspection logs nor did she dispute any of the aforementioned statements from Smith's affidavit. Furthermore, Anthony did not produce any positive evidence indicating how the broken egg came to be on the floor or that the broken egg was on the floor for some period of time prior to her fall. Therefore, we find Anthony failed to offer any evidence to support findings that the egg's presence of the floor preexisted her fall or that Shopper's Value had actual or constructive notice of a hazard prior to her fall. As such, there are no genuine issues of material fact and defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Naomie Anthony.

**AFFIRMED.**

7