# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DARCI WILLIAMSON

VERSUS

BR PIG, LLC D/B/A SHOPPER'S
VALUE FOODS

NO. 2025 CW 0813

PAGE 1 OF 2

**MARCH 4, 2026**

In Re:   BR Pig, LLC d/b/a Shoppers Value Foods, applying for
supervisory writs, City Court Judicial District Court,
Parish of East Baton Rouge, No. 22-02886.

---

BEFORE:   **LANIER, WOLFE, AND HESTER, JJ.**

**WRIT GRANTED.** The trial court's May 14, 2025 judgment denying
the motion for summary judgment filed by defendant, BR Pig, LLC
D/B/A Shopper's Value Foods, is vacated and reversed. To prevail
on its motion for summary judgment, defendant was required to show
an absence of factual support for any of the elements of the
Louisiana Merchant Liability Act, codified under La. R.S.
9:2800.6. Regardless of whether La. R.S. 9:2800.6 or La. Civ. Code
art. 2317.1 applies, a plaintiff must prove the condition presented
an unreasonable risk of harm, the defendant had actual or
constructive knowledge of the risk, and the defendant failed to
exercise reasonable care. **Woods v. Winn-Dixie Stores, Inc.**, 2022-
0191 (La. App. 1st Cir. 9/16/22), 353 So.3d 182. Additionally, in
**Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359
So.3d 467, the Louisiana Supreme Court stated, whether a claim
arises in negligence under La. Civ. Code art. 2315 or premises
liability under La. Civ. Code art. 2317.1, the traditional
duty/risk analysis is the same.

Courts apply the risk/utility balancing test to determine
whether there was a breach of the duty owed by defendant to
plaintiff, and the risk/utility balancing test considers four
factors: (1) utility of the complained-of condition; (2)
likelihood and magnitude of harm, including the obviousness and
apparentness of the condition; (3) cost of preventing the harm;
and (4) nature of the plaintiff's activities in terms of social
utility or whether the activities were dangerous by nature. **Id.**
Constructive notice means the claimant has proven that the
condition existed for such a period of time that it would have
been discovered if the merchant had exercised reasonable care. La.
R.S. 9:2800.6(C)(1). This court has also held that, though there
is no bright line time period sufficient for a merchant exercising
reasonable care to have constructive notice of a hazardous
condition, a claimant must make a positive showing that the
hazardous condition existed for some period of time before the
fall and that such time was sufficient to place the merchant on
notice of its existence. **Nash v. Rouse's Enters., LLC**, 2015-1101
(La. App. 1st Cir. 2/26/16), 191 So.3d 599. In **Nash**, this court
held defendant grocery store's failure to detect spilled rice
within a 5-10 minute timeframe was insufficient to show a lack of
"reasonable care." **Id.** at 602.

In this case, the surveillance footage of the incident shows
that the hazard, a white substance similar in consistency to sour
cream or yogurt, existed for exactly one minute and

nineteen seconds before plaintiff slipped. To establish constructive notice, plaintiff provides only her own deposition testimony stating, since staff responded quickly after being alerted of her slip incident, there was sufficient time for staff to rectify the hazard in the one minute and nineteen seconds it existed. This court finds plaintiff has provided no factual support to create a genuine issue of material fact showing defendant had actual or constructive knowledge of the hazard prior to her slip incident. The motion for summary judgment filed by defendant is granted and plaintiff's claims against defendant, BR Pig, LLC D/B/A Shopper's Value Foods, are dismissed with prejudice.

**WIL**
**EW**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT