GUIDRY, J.
12Plaintiff, MW Resources, LLC, appeals from a judgment of the trial court granting cross motions for partial summary judgment in favor of plaintiffs in reconvention, Louisiana Hardwood Products, LLC; Louisiana Hardwood Forestlands, LLC; Louisiana Rural NMTC Forestlands, LLC; and Roy 0. Martin Lumber Company, LLC and from an order of the trial court denying its request for leave to file a supplemental and amending petition. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On December 22,1960, Ross J. Hackney and Frances Burnett Hackney (collectively “the Hackneys”) sold to Hillyer Deutsch Edwards, Inc. (HDE) “[a]ll of the timber and trees of every kind and species (as hereinafter more specifically defined) being, standing, lying, growing and to grow” on certain enumerated tracts of land for the sum of $55,000.00, plus payment annually of all state and parish ad valorem taxes on the lands therein described, and granted HDE a period of fifty (50) years from the date thereof within which to grow, cut, and remove timber from the lands therein described (hereinafter “Hackney Deed”).
Thereafter, on April 16, 1956, the Hackneys and HDE executed an amendment to their previous agreement, wherein the parties extended the fifty (50)-year period within which HDE had to grow, cut and remove timber from the lands therein described to a period of ninety-nine (99) years from the date of the original instrument. In consideration thereof, HDE paid the Hackneys the sum of $2,000.00 and agreed to continue to pay annually all of *1106 the state ad valorem taxes on the lands described therein. Additionally, HDE agreed that during the last ten (10) years of the extended term, it would confine its operations to cutting and removing merchantable timber only.
IsOver the years, the rights of HDE under the Hackney Deed were transferred to subsequent companies. On February 22, 1996, Roy 0. Martin Lumber Company, LLC (Martin) succeeded to the interest of HDE under the Hackney Deed. Thereafter, Martin entered into a timber rights agreement with Louisiana Hardwood Products, LLC (Louisiana Hardwood) under which Louisiana Hardwood acquired certain rights pertaining to timber on multiple tracts of land subject to the Hackney Deed for a period of thirteen months.[1] Martin also entered into a timber rights agreement with 'Louisiana Hardwood For-estlands, LLC (Louisiana Forestlands) under which Louisiana Forestlands acquired certain rights pertaining to timber on multiple tracts of land subject to the Hackney Deed for a period of twenty years, with the term beginning upon the expiration of the timber rights conveyed to Louisiana Hardwood. Louisiana Forestlands subsequently entered into a partial assignment of timber rights agreement with . Louisiana Rural NMTC Forestlands, LLC (NMTC) under which ÑMTC acquired certain rights pertaining to timber on multiple tracts of land subject to the Hackney Deed.
On August 25, 2015, M/V Resources, LLC (M/V Resources), the present owner of a part of the property formerly owned by the Hackneys, filed a petition for declaratory judgment and injunction, asserting that the Hackney Deed constituted a sale of the timber and trees on the Hackney Deed tract on December 22,1950, and the creation of a separate timber estate of the trees then existing. M/V Resources further asserted that during the past five years immediately prior to the filing of the petition, Louisiana Hardwood had cut and removed trees from the M/V Resources tract, which were not in existence as of December 22, 1950; were not conveyed by the Hackneys- to HDE, Louisiana Hardwoods’ predecessor in interest, by the Hackney Deed; were not a part .of the separate timber estate created by the Hackney Deed; and were owned by M/V Resources as the owner of the M/V Resources tract. Accordingly, M/V Resources asserted that based on the terms of the Hackney Deed, and the fact that all of the timber and trees on the M/V Resources tract as of December 22, 1950, had been cut and removed from the M/V Resources tract, Louisiana Hardwood, Louisiana For-estlands, NMTC, and Martin did not have any continuing rights in and to the timber and trees on the M/V Resources tract or the* use of the tract for the purposes of growing and harvesting timber.
As such, M/V Resources sought a declaratory' judgment, declaring that the Hackney Deed, as amended by the extension, was a sale of standing timber creating a separate timber estate, with-a term for removal of the timber and . trees then existing.on the M/V Resources tract.of ninety-nine years, expiring by operation of law upon the removal of the timber and trees in existence at the time of the Hackney Deed, and was not a lease of the land for a term of ninety-nine years. M/V Re *1107 sources further sought judgment declaring that the Hackney Deed conveyed only such timber and trees that existed as of December 22,1950, and that Louisiana Hardwood at no time had any right to enter upon the M/V Resources tract to cut timber and trees sprouting after December 22, 1950, or to replant areas with the expectation of future harvest. Finally, M/V Resources sought judgment declaring that all rights granted by the Hackney Deed in and to timber and trees on the M/V Resources tract have lapsed by operation of law, and M/V Resources is the owner of all timber and trees on the M/V Resources tract.
M/V Resources also requested that the trial court issue, an injunction, enjoining and prohibiting Louisiana Hardwood, NMTC, and Martin from entering upon the M/V Resources tract in an effort to exercise any rights that they may claim they have pursuant to the Hackney Deed, as amended.
1 ^Louisiana Hardwood and NMTC answered the petition and, along with Louisiana Forestlands, filed a reconventional demand asserting that the agreement entered into between the Hackneys and HDE was a lease of said tracts of land for a period of fifty (50) years, whereby HDE was granted rights to grow and harvest timber and trees upon said tracts for a period of fifty years, which term was extended for an additional 49 years. Therefore, Louisiana Hardwood, Louisiana For-estlands, and NMTC asserted that HDE and its successors in title were entitled to grow timber and trees on said tracts from the date of the original agreement until expiration of the ninety-nine year, term. As successors in title to HDE, Louisiana Hardwood and NMTC asserted that they are lessees of and are entitled to grow and harvest timber upon .said tracts owned by M/V Resources for a period of twenty years from May 8, 2009.
Louisiana Hardwood, Louisiana Forest-lands, and NMTC sought a declaratory judgment against M/V Resources, declaring that the Hackney Deed dated December 22, 1950, and the agreement extending the term of the Hackney Deed to ninety-nine years is a lease of said tracts of land to grow and harvest timber and trees, the hope and expectancy of same being included in said agreements, for a period of ninety-nine years. They also sought judgment declaring that they were owners of all timber and trees as described in said agreements for the periods of time set forth in the timber rights agreements with Martin, and as owners of said timber and trees, they are entitled to remove and harvest any timber and trees on said tracts now owned by M/V Resources for the duration of timé set forth in their timber rights agreements with Martin.
Furthermore, Louisiana Hardwood, Louisiana Forestlands, and NMTC alleged that M/V Resources, had cut, removed, and cleared timber from approximately sixty acres of said tracts described in its original petition for wildlife food plots, roads, agricultural, and other purposes and have maintained such ^cleared areas in such a manner as to prevent Louisiana Hardwood, Louisiana Forestlands, and NMTC from growing timbér and trees thereon as provided in the Hackney Déed. Therefore, Louisiana Hardwood, Louisiana Forest-lands, and NMTC also sought an injunction, enjoining, restraining and prohibiting M/V Resources from cutting, removing, and clearing any timber from the said tracts owned by M/V Resources and from maintaining any previously cleared lands in such a manner as to prevent the growth of trees and timber thereon, said injunction to be for the duration of the Hackney Deed as extended.
Martin also answered M/V Resources’s petition, asserting that the Hackney Deed, *1108 as amended and extended, not only created a timber estate in favor of HDE, but it also created real rights in HDE and its successors in title-to utilize the surface of the lands therein described during the ninety-nine year term for the purpose of cultivating, growing, cutting, and removing all of the timber and trees of every kind and species, then existing or to exist, growing or to grow, along with unrestricted access and other surface rights associated with long term growth of timber and production of timber products, in the nature of a lease, subject only to the specific limitations set forth in the Hackney Deed, as extended.
Thereafter, on October 19, 2015, M/V Resources filed a motion for partial summary judgment, asserting that it was entitled to summary judgment as a matter of law on its claims for declaratory relief. In December of 2015, Louisiana Hardwood, Louisiana Forestlands, NMTC, and Martin filed cross motions for partial summary judgment, asserting that they were entitled to summary judgment as a matter of law on their claims for declaratory relief.
The motions were set for hearing on January 7, 2016. The morning of the hearing, M/V Resources requested leave of court to file an amended petition for declaratory judgment and injunction to assert, in the alternative, that if the court finds that the Hackney Deed created anything more than a separate timber estate in |7favor of HDE, conveying timber and trees then in existence on December 22, 1950, on five tracts owned by the Hackneys, including the M/V Resources tract, then the Hackney Deed created a usufruct in favor of HDE, which expired on December 22, 1980. Thereafter, the trial court heard argument from counsel on their motions and cross motions for partial summary judgment, including the issue of usu-fruct. At the conclusion of the hearing, the trial court found that the use of the words “growing” and “to grow,” while they do not trump the number of times words for “a sale” were used in the Hackney Deed, looking at the entirety of the contract, the intent of the parties was that the Hackney Deed would be a sale coupled with a lease.
The trial court thereafter signed a judgment denying the motion for partial summary judgment filed by M/V Resources and granting the motions for partial summary judgment filed by Louisiana Hardwood, Louisiana Forestlands, NMTC, and Martin and declaring that:
1) The December 22, 1950 Timber Agreement, as amended and extended, between [the Hackneys] and [HDE] is a sale to [HDE] of all timber and trees as defined therein then standing and existing on the lands described therein, whether or not merchantable, as well as a lease of the said lands to [HDE] for the purpose of growing, cultivating and harvesting timber and trees to grow on said lands during the ninety-nine (99) year term of the lease, and for the exercise of ancillary rights, subject to the provisions of the said Timber Agreement, as amended and extended.
2) [Martin], [Louisiana Hardwood], [Louisiana Forestlands], and [NMTC] and their successors in title, as the successors-in-title of [HDE], possess all of the rights, titles and privileges of [HDE] under the terms of the said Timber Agreement, as amended and extended, for the time periods set forth in their respective deeds of acquisition during the entire term of ninety-nine (99) years from December 22,1950.
3) As owners of the timber and trees located on and lessees of said lands, [Martin], [Louisiana Hardwood], [Louisiana Forestlands], and [NMTC] and their successors in title are entitled to grow, cultivate, cut, remove, harvest and own timber and trees, and to exercise all *1109 other rights of possession and use as set forth in the December 22, 1950 Timber Agreement, as amended and extended, on the lands described therein, subject only to the limitations set forth [ ¡¿herein, during the entire term of ninety-nine (99) years from December 22,1950.
The trial court judgment further ordered that the lawsuit of M/V Resources be dismissed in all other respects with prejudice at its cost. The trial court also signed an order denying M/V Resources’ request for leave of court to file a supplemental and amending petition.
M/V Resources now appeals from the trial court’s judgment, asserting that the trial court erred in failing to find that the Hackney Deed, as amended and extended, was a sale of timber rights creating a separate timber estate composed of the timber and trees then existing, with a term of ninety-nine years for the removal thereof, expiring by operation of law upon the removal of the timber and trees in existence at the time of the Hackney Deed; in denying M/V Resources’s request for leave to amend its petition; and, in the alternative, in failing to find that the Hackney Deed, as amended, was a sale of timber and trees that created a separate timber estate, coupled with a usufruct expiring at the end of thirty (30) years.
STANDARD OF REVIEW
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Cooperative, Inc., 01-2956, p. 3 (La. App. 1st Cir. 12/30/02), 836 So.2d 484, 486. A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).[2] Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on |3the motion. La. C.C.P. art. 966(F)(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Lieux v. Mitchell, 06-0382, p. 9 (La. App. 1st Cir. 12/28/06), 951 So.2d 307, 314, writ denied, 07-0905 (La. 6/15/07), 958 So.2d 1199.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2).
*1110 DISCUSSION
Characterization of the Hackney Deed
As with other contracts, deeds must be interpreted so as to ascertain the true intent of the parties. Ford v. Lester, 48,932, p. 16 (La. App. 2nd Cir. 5/14/14), 139 So.3d 22, 30, writ denied, 14-1567 (La. 11/7/14), 152 So.3d 175. This intent is to'be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. La. C.C. art. 2046; Boh Bros. Construction Co., LLC v. State, Department of Transportation and Development, 08-1793, p. 4 (La. App. 1st Cir. 3/27/09), 9 So.3d 982, 984, writ denied, 09-0856 (La. 6/5/09), 9 So.3d 870.
[ mWhen the words Qf a contract are clear and explicit and lead to no absurd conséquences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046; Boh Bros. Construction Co., LLC, 08-1793 at p. 4, 9 So.3d at 984. The rules of interpretation establish that when a clause in a contract is clear and unambiguous, the letter of the clause should not be disregarded under the pretext of pursuing its spirit. La. C.C. art. 2046, comment (b); Boh Bros. Construction Co., LLC, 08-1793 at. p. 4, 9 So.3d at 984.
To determine the meaning of words in a contract, a court should give them their “generally prevailing meaning.” La. C.C. art. 2047. If a word is susceptible of different meanings, it “must be interpreted as having the meaning that best conforms to the object of the contract.” La. C.C. art. 2048. A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective. La. C.C. art. 2049. Furthermore, every provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art. 2050; Boh Bros. Construction Co., LLC, 08-1793 at p. 4, 9 So.3d 982, 985.
’ When a contract is subject to interpretation from the four comers of the in-strumeht, without the necessity of extrinsic evidence, that interpretation is a matter of law. NAB Natural Resources, LLC v. Willamette Industries, Inc., 28,555, p. 5 (La. App. 2nd Cir. 8/21/96), 679 So.2d 477, 480.
The Hackney Deed at issue in the instant case provides, in pertinent part:
[O]n this 22nd day of December, A.D. 1950 ... [the Hackneys] ., and in the consideration of the price -and sum of Fifty-Five Thousand and no/100 ($55,-000.00) Dollars ... they have bargained and sold, and do by these presents bargain, sell, transfer, convey and deliver ... unto [HDE] ... the following described property, to-wit:
All of the timber and trees of every kind and species (as hereinafter more specifically defined)', being,' standing, lying, growing and ⅛ grow on the following described lands....
***
The term “Timber and Trees” 'as used herein is defined as and includes a) all timber and trees of every kind and species now being, standing and lying on the above described lands and to grow, stand and lie on said lands during the period of fifty (50) years hereinafter set forth, the expectancy and hope being included, b) all tree tops, branches and stumps now existing or to exist during said period, 'and (c) all of the above whether merchantable or unmerchanta-ble:
The Vendee, its successors, agents, servants and assigns is granted a period fifty (50) years from the date hereof within which to grow,'cut and remove timber from the lands herein described. It is granted the free rights of ingress and egress, -the right to build roads, *1111 bridges and tramways, to build and erect sawmills and other equipment necessary to cut, remove, manufacture and process timber and its products, and to build houses to house its employees. At the end of the period herein fixed, Vend-ee shall have the right to remove any buildings and improvements.
The Vendee, its successors, agents, servants and assigns shall have the right during said period of fifty (50) years to go in and upon said lands at any time, and as many times as it deems necessary, for the purpose of cultivating, growing, cutting and removing timber and trees. The cessation of operations, the cutting of all timber and trees, or the temporary abandonment of said operations shall not terminate Vendee’s rights hereunder or shorten the period hereunder granted, unless notice of abandonment be given Vendors, as hereinafter specified.
As part of the consideration of this sale, the Vendee agrees to pay annually all of the State and Parish ad valorem taxes on the lands herein described, and shall continue to pay the same during the term of this contract until such time as Vendee, or its successors or assigns has given Vendors ... their heirs, successors or assigns written notice that it intends to relinquish all of its rights hereunder and no longer intends to conduct operations on the lands herein described ....
On April 16, 1956, the same parties executed an amendment to their original agreement, wherein:
[F]or the sum and price of TWO THOUSAND ($2,000.00) DOLLARS ,.. [the Hackneys] ... do hereby extend said fifty (50) year period to a period of ninety-nine (99) years from the date of said instrument.
As a further consideration for this extension to a period of ninety-nine (99) years from the date of said instrument, [HDE] agrees to continue to pay annually all of the State ad valorem taxes on the lands described in the said instrument during the term of the contract, as extended, or until said Corporation its successors or assigns has given vendors ... written notice that it intends to relinquish all of its 11 ¡rights hereunder and no longer intends to conduct operations on the lands described ....
As a further consideration for this extension, [HDE] agrees that during the last ten (10) years of the extended term it will conduct its timber cutting, logging, cultivation, growing, removing, or sawmill operations so as to confine such operations'to the cutting and removal of merchantable timber only.
Reading the Hackney Deed, as amended and extended, it is evident that the parties intended to sell the timber then existing on thé property at the time of the sale, as well as give HDE and its successors the right to grow and cut timber for a term of ninety-nine years. The Hackney Deed, together with the 1956 amendment, clearly provides that it is conveying all timber and trees “being, standing, lying, growing and to grow.” (Emphasis added.) Further, timber and trees is defined in the Hackney Deed as “all timber and trees ... now being, standing and lying on the above described lands and to grow, stand, and lie on said lands during the period” of ninety-nine years. (Emphasis added.) The use by the parties of the term “to grow” clearly contemplates future growth.
Furthermore, the Hackney Deed, as amended and extended, gave HDE and its successors various rights, which are not merely accessorial to a timber vendee. See Martin Timber Company, Inc. v. Pegues, 30,631, p. 7 (La. App. 2nd Cir. 7/6/98), 715 So.2d 728, 732, writ denied, 98-2124 (La. 12/11/98), 729 So.2d 590. These rights in- *1112 elude: the free rights of ingress and egress; the right to build roads, bridges and tramways; the right to build and erect sawmills and other equipment necessary to cut, remove, manufacture and process timber and its products; and the right to build houses to house its employees. Additionally, the Hackney Deed, as amended and extended, specifically gave HDE and its successors “the right during said period of [ninety-nine] years to go in and upon said lands at any time, and as many times as it deems necessary, for the purpose of cultivating, growing, cutting and removing timber and trees.” (Emphasis added.) The Hackney Deed, as | ^amended and extended, also provided that “the cessation of operations, cutting of all timber and trees, or the temporary abandonment of said operations shall not terminate Vendee’s rights [under the deed] or shorten the period hereunder granted.... ”
Accordingly, reading the language of the Hackney Deed, as amended and extended, as a whole, demonstrates that the parties intended that HDE and its successors would acquire the right to grow timber and trees during the ninety-nine year term, which right is in the nature of a lease of the land. See La. C.C. art. 2668; see also NAB Natural Resources, LLC, 28,555 atp. 5, 679 So.2d at 480. In consideration thereof, HDE agreed to pay $55,000.00, plus $2,000.00 to extend the term to ninety-nine years; agreed to pay ad valorem taxes on the land during the term of the contract until such time as HDE or its successors gave the Hackneys or its successors written notice that it intended to relinquish its rights under the contract; and agreed in further consideration “during the last ten (10) years of the extended term to conduct its timber cutting, logging, cultivation, growing, removing, or sawmill operations so as to confine such operations to the cutting and removal of merchantable timber only.”[3]
Therefore, based on our de novo review of the record, we find that the Hackney Deed, as amended and extended, is a sale to HDE and its successors of all timber and trees existing on the described lands at the time of the sale as well as a lease of the said lands to HDE and its successors for the purpose of growing, cultivating, and harvesting timber and trees to grow on said lands during the | uninety-nine year term of the lease.[4] Accordingly, we find no *1113 error in the trial court’s judgment finding that Louisiana Hardwood, Louisiana For-estlands, NMTC, and Martin are entitled to partial summary judgment in their favor.
Motion for Leave to Amend Petition
M/V Resources also asserts on appeal that the trial court erred in denying its request for leave of court to file an amended petition for declaratory judgment and injunction and asserts, in the alternative, that if the court finds that the Hackney Deed created anything more than a separate timber estate in favor of HDE, conveying timber and trees then in existence on the five tracts owned by the Hackneys, including the M/V Resources tract, then the Hackney Deed created a usufruct in favor of HDE, which expired on December 22,1980.
As noted previously, M/V Resources requested leave of court to file an amended petition on the day of the hearing on the parties’ motions for partial summary judgment. During the hearing, the issue of whether a usufruct was created or existed was raised and addressed by the trial court, and counsel for Louisiana Hardwood, Louisiana Forestlands, NMTC, and Martin did not object. The trial court considered allowing M/V Resources the opportunity to amend its petition to assert that the Hackney Deed, as amended and extended, was a sale coupled with a usufruct, however, counsel for M/V Resources noted that if the court ruled that the Hackney Deed, as amended and extended, was a sale and a 11filease, then the issue of usu-fruct was moot. Thereafter, the trial court stated that, while “it would be interesting to look at the usufruct ... when you look at everything involved, particularly the entirety of the contract ... I believe that these parties, they intended that it would be a sale coupled with a lease.... ”
From our reading of the record, it is clear that the issue of usufruct was presented to the trial court, and that the trial court rejected it, finding that the Hackney Deed, as amended and extended, was a sale coupled with a lease. Furthermore, because we find that the intent of the parties in entering into the Hackney Deed, as amended and extended, was to sell to HDE and its successors all timber and trees existing on the described lands at the time of the sale as well as to lease the said lands to HDE and its successors for the purpose of growing, cultivating, and harvesting timber and trees to grow on said lands during the ninety-nine year term of the lease, we likewise reject M/V Resources’ argument on appeal regarding usufruct. See IP Timberlands Operating Company, Limited v. Denmiss Corporation, 93-1637, pp. 16-17 (La. App. 1st Cir. 5/23/95), 657 So.2d 282, 294, writs denied, 95-1958, 95-1593, 95-1691 (La. 10/27/95), 661 So.2d 1348.
As such, we find no abuse of the trial court’s discretion in denying M/V Resources’ motion for leave of court to amend its petition to assert that the Hackney Deed created a usufruct in favor of HDE, which expired on December 22, 1980. See Stockstill v. C.F. Industries, Inc., 94-2072, p. 7 (La. App. 1st Cir. 12/15/95), 665 So.2d 802, 810, writ denied, 96-0149 (La. 3/15/96), 669 So.2d 428.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of *1114 this appeal are assessed to WV Resources, LLO.
AFFIRMED.

. The timber rights, agreement states that the term of the agreement shall expire on May 8, 2009, with respect to the right to maintain, ■ manage, store, harvest, cut and remove one or more times during the term of the agreement all merchantable trees located on the property owned by or leased by Martin. However, the term of the agreement shall expire twenty years from tire date of the agreement with respect to the right to enter into, manage, and retain revenue from hunting and other recreational leases on the property owned or leased by Martin.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2010. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article as applicable in this case. See Acts 2015, No. 422, §§ 2 and 3.

. M/V Resources asserts on appeal that the consideration paid by HDE, particularly the consideration paid for the extension, supports its argument that the Hackney Deed, as amended and extended, is not a lease. However, as noted above, money was not the only benefit received by the Hackneys. See McCain v. Continental Can Company, Inc., 299 So.2d 454, 458 (La. App. 2nd Cir.), writ refused. 302 So.2d 308 (La. 1974); see also Daigle v. Vanderpool, 02-2005, p. 7 (La. App. 1st Cir. 6/27/03), 858 So.2d 552, 556 (price need not be in money but may consist of other considerations). Accordingly, this argument is without merit.

. M/V Resources relies on Cooley v. Meridian Lumber Co., 195 La. 631, 197 So. 255 (1940), and Taylor v. Southland Lumber Co. Inc., 162 La. 535, 110 So. 746 (1926), as support for its argument that the Hackney Deed, as amended and extended, was a sale of timber rights creating a separate timber estate composed of timber and trees then existing, with a term of ninety-nine years for the removal thereof, expiring by operation of law upon the removal of the timber and trees in existence at the time of the Hackney Deed. However, Cooley and Taylor are readily distinguishable from the agreement at issue in the instant case, as the deeds in those cases did not contemplate future growth or give vendees rights beyond those necessary to remove timber from the land. Cooley, 195 La. at 634-635, 197 So. at 256; Taylor, 162 La. at 536, 110 So. at 746. Furthermore, the deeds at issue in Cooley and Taylor did not provide that the vendee could "go in and upon the lands at any time, and as many times as necessary for the purpose of cultivating, growing, cutting and removing timber and trees[,]” nor that the "cessation of operations [or] cutting of all timber and *1113 trees. .. shall not terminate vendee’s rights” under the deed "or shorten the period [thereunder] granted.” Therefore, we find this argument without merit.