NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1105

CYPRESS HEIGHTS ACADEMY, INC.

VERSUS

CHA INVESTORS, LLC

Judgment Rendered: ⌐JUL 0 1 2020

\* \* \* \* \* \*

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C646664

Honorable Janice Clark, Judge Presiding

\* \* \* \* \* \*

Jude C. Bursavich                    Counsel for Plaintiff/Appellant
Van R. Mayhall, Jr.                  Cypress Heights Academy, Inc.
Jeanne C. Comeaux
Van R. Mayhall, III
Baton Rouge, LA

A.M. "Tony" Clayton
Michael P. Fruge
Port Allen, LA


Brett P. Furr                        Counsel for Defendants/Appellees
Katia Desrouleaux Bowman             L.A.S.B.C., Inc. and Richard Brown
Cleo Fields
Baton Rouge, LA

Douglas J. Cochran                   Counsel for Defendant/Appellee
Baton Rouge, LA                      Gerard J. Broussard, Sr.

Michael A. Patterson
Rachel P. Dunaway
Brad M. Barback
Baton Rouge, LA

Counsel for Defendants/Appellees
CHA Investors, LLC; Michael J.
Castine, III, M.D.; Gregory M.
Hoffpauir, M.D.; Richard T. Hedley
and Timothy Barfield

Charles G. Justice, III
New Orleans, LA

Counsel for Defendant/Appellee
Mildred Randon Harris, Independent
Executrix of the Succession of
Brian Harris

Michael G. Gaffney
Christopher M. Gaffney
Metairie, LA

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

2

Burris, J. Dissents and assigns reasons.

**GUIDRY, J.**

In this dispute over an option to purchase property, the plaintiff appeals from a judgment that dismissed its claim and granted summary judgment in favor of the defendants. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises from a dispute over a lease with an option to purchase property. In May 2002, plaintiff, Cypress Heights Academy, Inc., acquired property, which is the subject of this suit. On or about March 5, 2004, Cypress Heights sold that property to a defendant herein, CHA Investors, LLC, and simultaneously entered into a ten-year lease agreement with CHA. The lease agreement granted Cypress Heights the option to repurchase the subject property for the remaining amount owed on the mortgage.

In 2008, Cypress Heights informed CHA that it intended to exercise the option to purchase the property. Cypress Heights, however, was unable to obtain financing. Thereafter, in 2015, Cypress Heights again attempted to exercise the option to purchase the property. Upon doing so, Cypress Heights learned that the purchase option provision had been removed from the lease agreement in 2012.[2] Cypress Heights also learned that the subject property had been donated to LASBC, Inc., also in 2012.

On March 14, 2016, Cypress Heights filed suit for declaratory and other relief. Named as defendants in the lawsuit were CHA, and by supplemental and amended petitions, LASBC; the Succession of Brian Harris through its duly authorized executrix Mildred Randon Harris (improperly named the Estate of Brian P. Harris);[3] Gerard J. Broussard, Sr.; Michael J. Castine III, M.D.; Gregory

---

[2] Cypress Heights claims that the lease was amended in secrecy without the knowledge of its Board of Directors.

[3] In January 2017, the Succession of Brian Harris was voluntarily dismissed with prejudice. However, in July 2017, Cypress Heights reasserted claims against the Succession.

M. Hoffpauir; Richard T. Hedley; Timothy Barfield; and Richard E. Brown.[4] Cypress Heights' prayers for relief included a judgment declaring the first lease amendment invalid, a judgment declaring that its "option to re-acquire the subject property remains extant," and a judgment for return of the property.

The defendants filed answers generally denying the allegations in the petition. Then, in August 2018, CHA moved for partial summary judgment, asking for a declaratory judgment that the option to purchase be extinguished, and that the claim asserted by Cypress Heights asserting a right to reacquire the property be denied and dismissed. The Succession of Brian Harris moved for partial summary judgment, asking that the option to purchase be declared invalid, or extinguished, and that the claim asserted by Cypress Heights asserting a right to reacquire the property, pursuant to the option, be denied and dismissed. Gerard Broussard, LASBC, and Richard Brown also moved for partial summary judgment, adopting the motions and supporting documentation filed by CHA and the Succession of Brian Harris. Cypress Heights filed an opposition to the defendants' motions, asserting that the option was valid and could be re-exercised, and that the entire agreement was in fact a simulation.

After a hearing, the trial court ruled in favor of the defendants, declaring the option to purchase extinguished and that the claim asserted by Cypress Heights to reacquire the subject property was denied and dismissed with prejudice; judgment was signed on November 13, 2018. Afterward, Cypress Heights moved for reconsideration, a rehearing, or a new trial, which was denied. The instant appeal followed with Cypress Heights contending the trial court erred in holding the option to purchase extinguished and in dismissing its claims to reacquire the subject property. Cypress Heights further contends that the trial court arguably

---

[4] CHA defendants include CHA Investors, LLC; Michael J. Castine III, M.D.; Gregory M. Hoffpauir; Timothy Barfield; and Richard T. Hedley.

dismissed its claims, including its simulation claim, when the motions for partial summary judgment before the trial court were limited to the option to purchase and did not address the simulation claim that would make the viability of the option moot.[5]

## STANDARD OF REVIEW

A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. M/V Resources LLC v. Louisiana Hardwood Products LLC, 16-0758, p. 8 (La. App. 1st Cir. 7/26/17), 225 So. 3d 1104, 1109, writ denied, 17-1748 (La. 12/5/17), 231 So. 3d 624. A motion for summary judgment is properly granted if, after an opportunity for adequate discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); M/V Resources LLC, 16-0758 at p. 8, 225 So. 3d at 1109. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. M/V Resources LLC, 16-0758 at p. 9, 225 So. 3d at 1109.

## DISCUSSION

In this case, Cypress Heights conveyed its property to CHA subject to the mortgage. Thereafter, CHA refinanced the property, and provided Cypress Heights with the funding it sought to expand and improve the school property.

Cypress Heights contends the trial court erred in holding its option to repurchase the property extinguished and in dismissing its claims. An option to buy, or an option to sell, is a contract whereby a party gives to another the right to

---

[5] On the record before us, we do not find that the simulation argument was before the trial court at the time it heard and ruled on the motion for partial summary judgment that is the subject of this appeal and therefore, it is not properly before this court.

accept an offer to sell, or to buy, a thing within a stipulated time. An option must set forth the thing and the price, and meet the formal requirements of the sale it contemplates. La. C.C. art. 2620. The acceptance or rejection of an offer contained in an option is effective when received by the grantor. Upon such an acceptance the parties are bound by a contract to sell. La. C.C. art. 2621; Casey v. National Information Services, Inc., 04-0207, p. 11 (La. App. 1st Cir. 6/10/05), 906 So. 2d 710, 719, writ denied, 05-2210 (La. 3/24/06), 925 So. 2d 1235. Further, the phrase "exercise the option" means acceptance of the offer. Bayou Fleet Partnership v. Phillip Family, LLC, 07-581, p. 5 (La. App. 5th Cir. 2/6/08), 976 So. 2d 794, 797. If the option is exercised, it then no longer exists, but on the other hand an agreement to sell arises by virtue of such acceptance which may be specifically enforced. Moresi v. Burleigh, 170 La. 270, 127 So. 624, 626 (1930).

By the petition, Cypress Heights sought enforcement of the option to purchase the property contained within the lease agreement with CHA. The defendants, however, rejected the enforceability of the option and asserted that the option was either invalid or extinguished. In support of their motions for partial summary judgment, the defendants introduced the subject lease agreements between Cypress Heights and CHA.[6] The defendants also submitted an "acceptance letter" from Cypress Heights, wherein Cypress Heights stated that its Board of Directors had resolved to exercise the option, effective as of May 29, 2008, and subject to obtaining financing for the purchase price.

In opposition to the defendants' motions, in addition to asserting that the agreement between the parties was a simulation, Cypress Heights argued that the

---

[6] The lease agreements were signed in 2004 and 2012, respectively.

6

option could be re-exercised and that the removal of the option from the lease was invalid.[7]

The pertinent facts are as follows. The original lease between Cypress Heights and CHA, which was executed in 2004 and expired in 2013, included an option to purchase the subject property. The lease agreement provided as follows: "tenant shall have the right to purchase the premises for the amount that is owed on the books of the landlord on the premises."

In the matter before us, the 2008 letter from Cypress Heights' Board of Directors clearly establishes the fact that the option to purchase the property was exercised prior to the removal of the provision and prior to the expiration of the original lease.[8] Consequently, a contract was formed by the consent of the parties established through offer and acceptance. See Casey, 04-0207 at p. 11, 906 So. 2d at 719. Cypress Heights exercised its option to purchase the subject property, thereby giving rise to a contract to sell. We find no error in the trial court's ruling regarding the extinguishment of the option to purchase the property.

Additionally, Louisiana Civil Code article 1778[9] provides with respect to a term for performance. As found in Sod Farm, L.L.C. v. Lakewood Development, L.L.C., 11-1203 (La. App. 1st Cir. 3/28/12), ____ So. 3d ___, 2012 WL 1070020, *4, writ denied, 12-1235 (La. 9/21/12), 98 So. 3d 343, if no time for performance is stated in a contract, a reasonable time is to be determined from the circumstances surrounding the formation of the contract and how the parties themselves looked upon the time element. In this case, Cypress Heights exercised the option to

---

[7] We do not address whether the removal of the option provision from the lease was invalid (the first lease amendment), because the option was timely exercised under the original lease, and exercised prior to the removal of the provision. Thus, the removal is of no consequence to this matter.

[8] Cypress Heights does not dispute that it exercised the option in 2008.

[9] La. C.C. art. 1778 provides:
> A term for the performance of an obligation is a period of time either certain or uncertain. It is certain when it is fixed. It is uncertain when it is not fixed but is determinable either by the intent of the parties or by the occurrence of a future and certain event. It is also uncertain when it is not determinable, in which case the obligation must be performed within a reasonable time.

purchase the property in 2008. While it appears that Cypress Heights made attempts to obtain financing in 2009 and 2010, as of 2015, Cypress Heights had yet to perform. Accordingly, we find no error in the trial court's finding regarding whether a reasonable time has passed for Cypress Heights to perform.

## CONCLUSION

For the foregoing reasons, we affirm the November 13, 2018 judgment of the trial court granted in favor of the defendants/appellees declaring the option extinguished and denying and dismissing the claim asserted by the plaintiff/appellant, Cypress Heights Academy, Inc., to reacquire the subject property. All costs of this appeal are assessed to the plaintiff/appellant, Cypress Heights Academy, Inc.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1105

CYPRESS HEIGHTS ACADEMY, INC.

VERSUS

CHA INVESTORS, LLC

* * * * * *

**BURRIS, J., dissenting.**

I respectfully disagree with the majority, and I believe this appeal should be dismissed. In my opinion, the trial court improvidently designated this interlocutory judgment as final, and consequently, this court lacks jurisdiction.

The judgment at issue granted the defendants' motions for partial summary judgment, which sought only to dismiss Cypress Heights's claim concerning the enforceability of the option to purchase in its lease agreement with CHA Investors. It is evident from the record that Cypress Heights asserted additional claims, including breach of fiduciary duty, which have not been adjudicated. Although the viability of Cypress Heights' remaining claims may be affected by the validity of the option to purchase, those claims, nevertheless, are still pending. Therefore, the judgment is an interlocutory judgment not subject to this court's appellate jurisdiction absent a proper certification per La. Code Civ. P. art. 1915(B).

A judgment that determines the merits in whole or in part is a final judgment and is appealable in all causes in which appeals are given by law. La. Code Civ. P. arts. 1841 and 2083. In contrast, a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. Code Civ. P. art. 1841.

Louisiana Code of Civil Procedure art. 1915(B)(1) provides:

> When a court renders a...partial summary judgment..., as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

Here, the judgment states only, "This is a final judgment pursuant to La. Code Civ. Proc. art. 1915B." The trial court did not provide reasons for the certification, and the designation of the judgment as final is not determinative of this court's jurisdiction. Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **Radcliffe 10, L.L.C. v. Burger,** 2017-0967 (La. App. 1st Cir. 5/29/18), 251 So.3d 435, 440. If no reasons for the certification are given but some justification is apparent from the record, the appellate court should make a *de novo* determination of whether the certification was proper. **R.J. Messinger, Inc. v. Rosenblum,** 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122.

Our law disfavors piecemeal litigation. **Id.** Here, the parties admit that the motions at issue and the resulting judgment address less than all of Cypress Heights's claims. The parties offer no justification for the art. 1915(B) certification and, upon finding none in the record, I would dismiss this appeal.

2