STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1638

TIMOTHY DILL, ET AL.

VERSUS

JEFFREY WILEY, SHERIFF, ET AL.

**Judgment Rendered:** NOV 0 6 2020

* * * * * *

On appeal from the
Twenty-third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket Number 109,692

Honorable Alvin Turner, Jr., Judge Presiding

* * * * * *

Robert Garrity, Jr.                    Counsel for Plaintiffs/Appellants
Harahan, LA                            Timothy Dill and Mary
                                       Boudreaux


Fred Schroeder                         Counsel for Defendant/Appellee
T. Allen Usry                          Jeffrey Wiley
James B. Mullaly
New Orleans, LA


* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND WOLFE, JJ.

**GUIDRY, J.**

In this appeal, the plaintiffs challenge a judgment of the trial court that granted the defendant's motion for summary judgment based on prescription. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 19, 2011, Mr. Timothy Dill entered a plea of guilty to the charge of violation of a protective order, two counts. For this violation, Mr. Dill was sentenced to two consecutive terms of six months imprisonment with credit for time served. Thereafter, on April 2, 2014, the plaintiffs herein, Mr. Dill and his wife, Mary Boudreaux, filed a petition for damages, naming as the defendant, Jeffrey Wiley, sheriff of the Parish of Ascension.[1] Mr. Dill alleged that Sheriff Wiley failed to give him credit for time served, which resulted in him being falsely imprisoned for a period of 122 days. Ms. Boudreaux alleged that she suffered a "lack of consortium" because of Mr. Dill's "excessive incarceration."

Sheriff Wiley answered the petition, generally denying the allegations. Later, on June 28, 2019, Sheriff Wiley filed a motion for summary judgment on the grounds of prescription. The plaintiffs opposed the motion, asserting that prescription was interrupted on their tort suit when Mr. Dill filed an application for post-conviction relief while he was incarcerated.[2]

After a hearing on September 9, 2019, the trial court granted the motion for summary judgment in favor of the defendant, Sheriff Wiley, and dismissed the plaintiffs' claims with prejudice. Judgment was signed on October 3, 2019. The plaintiffs now appeal that judgment.

---

[1] The plaintiffs' claims against Sheriff Wiley were filed against him in his individual capacity as well as his official capacity as sheriff of Ascension Parish.

[2] In his application for post-conviction relief, Mr. Dill requested service on the warden of the Ascension Parish Jail and the District Attorney.

## STANDARD OF REVIEW

A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. M/V Resources LLC v. Louisiana Hardwood Products LLC, 16-0758, p. 8 (La. App. 1st Cir. 7/26/17), 225 So. 3d 1104, 1109, writ denied, 17-1748 (La. 12/5/17), 231 So. 3d 624. A motion for summary judgment is properly granted if, after an opportunity for adequate discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. M/V Resources LLC, 16-0758 at p. 9, 225 So. 3d at 1109.

## DISCUSSION

Prescription runs against all persons unless an exception is established by legislation. La. C.C. art. 3467. Prescription is interrupted by the filing of a suit in a court of competent jurisdiction and venue. La. C.C. art. 3462. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue, or from service of process within the prescriptive period, continues as long as the suit is pending. La. C.C. art. 3463. Pursuant to La. C.C. art. 3492, delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. See Eaglin v. Eunice Police Department, 17-1875, p. 3 (La. 6/27/18), ___ So. 3d ___ (explaining that false arrest and false imprisonment claims commence on the date of the false arrest/false imprisonment).

Although typically asserted through the procedural vehicle of the peremptory exception, the defense of prescription may also be raised by motion for summary judgment. Hogg v. Chevron USA, Inc., 09-2632, p. 6 (La. 07/6/10), 45

3

So. 3d 991, 997. However, when prescription is raised through a motion for summary judgment rather than through the peremptory exception, the traditional allocation of the burden of proof is altered somewhat.[3] In such a case, the movant is required to prove, based solely on documentary evidence and without the benefit of testimony at a hearing, that there is no genuine material factual issue in dispute. Hogg, 09-2632 at pp. 7-8, 45 So. 3d at 998.

Sheriff Wiley asserts in his motion for summary judgment that the plaintiffs' tort claims are prescribed and time-barred as a matter of law. In support of his motion, Sheriff Wiley filed court minutes and documentation from the Ascension Parish Sheriff's Office that showed Mr. Dill was arrested on June 10, 2011, convicted on October 19, 2011, and released on May 31, 2012.[4] As pointed out by Sheriff Wiley in his motion, the plaintiffs filed suit on April 2, 2014, nearly two years after Mr. Dill was released from custody, and clearly more than a year after any false imprisonment could have occurred. Accordingly, the plaintiffs' claims are prescribed unless there is merit in the plaintiffs' contention that prescription was interrupted. See La. C.C.P. art. 966 (D)(1).

Relying on La. C.C. art. 3466,[5] the plaintiffs, in their opposition to the motion for summary judgment, contend that the application for post-conviction relief, filed by Mr. Dill on May 16, 2012, and denied on November 13, 2013, interrupted the prescriptive period for their false imprisonment claim. The plaintiffs further argue that an application for supervisory writs to this court, which

---

[3] Ordinarily, the party pleading the exception of prescription bears the burden of proving a claim has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. Hogg, 09-2632 at p. 7, 45 So. 3d at 998.

[4] No objection was made pursuant to La. C.C.P. art. 966(D)(2); therefore, the trial court was required to consider the documents in deciding the motion for summary judgment. See Pottinger v. Price, 19-0183, p. 4 (La. App. 1st Cir. 10/23/19), 289 So. 3d 1047, 1052.

[5] Louisiana Civil Code article 3466 provides: "If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption."

4

was filed on January 30, 2014, and denied on April 8, 2014, interrupted the prescriptive period once more.

We have reviewed the record herein to determine whether a genuine issue of material fact exists on the issue of prescription. In doing so, we note that "[p]ost conviction relief, which is procedural in nature, and speaks to matters of remedy, is not criminal litigation *per se*; rather, post conviction relief proceedings, which are designed to allow petitioners to challenge the legality of their confinement, are hybrid, unique, and have both criminal and civil legal characteristics." State v. Harris, 18-1012, p. 5 (La. 7/9/20), ___ So. 3d ___; State ex rel. Glover v. State, 93-2330, p. 12 (La. 9/5/95), 660 So. 2d 1189, 1197. Post-conviction relief is based on the identification of specific constitutional errors in the proceedings leading to the petitioner's conviction and sentence. See Pierre v. East Baton Rouge Parish Clerk of Court, 17-0688, pp. 3-4 (La. App. 1st Cir. 11/1/17), 233 So. 3d 92, 94, writ denied, 18-0078 (La. 1/14/19), 260 So. 3d 1216.

In his application for post-conviction relief, Mr. Dill asserted that his Sixth and Eighth Amendment rights under the U.S. Constitution were violated because he was deprived of a jury trial and sentenced by a court lacking jurisdiction. Mr. Dill also argued in his application that he "would have completed serving this invalid sentence but for the Ascension Sheriff refusing to award [him] credit for time served." We must emphasize, however, that a review of credit for time served is not within the exclusive grounds for granting post-conviction relief. See La. C.Cr.P. art. 930.3.[6] We further note that La. C.Cr.P. art. 930.3 provides no basis for the review of claims of excessiveness or other sentencing error post-conviction.

---

[6] Louisiana Code of Criminal Procedure article 930.3 provides the exclusive grounds for which post-conviction relief may be granted to include: (1) the conviction was unconstitutional; (2) the court exceeded its jurisdiction; (3) double jeopardy was involved; (4) prosecution of the offense was instituted after the limits had expired; (5) the statute creating the offense is unconstitutional; (6) a finding of an ex post facto application of law violation; and (7) the results of DNA testing proves by clear and convincing evidence that the petitioner is innocent of the crime for which he was convicted.

5

See State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So. 2d 1172 (*per curiam*).

The application for post-conviction relief, governed by La. C.Cr.P. art. 930.3, cannot be based on a claim of failure to apply credit for time served. Therefore, the filing of Mr. Dill's application for post-conviction relief did not place the defendant on notice of any potential tort claim, and did not and could not interrupt prescription on that tort claim. Accordingly, we find no merit in the assertion that the trial court erred in granting the defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, we affirm the October 3, 2019 summary judgment of the trial court, which was granted in favor of the defendant, Jeffrey Wiley, dismissing the claims of the plaintiffs, Timothy Dill and Mary Boudreaux. All costs of this appeal are assessed to the plaintiffs/appellants, Timothy Dill and Mary Boudreaux.

**AFFIRMED.**