# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 1148

### SMALL TOWN DEVELOPERS II, LLC

### VERSUS

### CASCADE LOGISTICS, LLC, KIDS 1ST TRANSPORTATION, LLC, AND RORY ASKIN

Judgment Rendered: ___APR 1 9 2024___

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2020-12536

The Honorable John A. Keller, Judge Presiding

Warren Horn
Michael E. Landis
New Orleans, Louisiana

Counsel for Plaintiff/Appellee,
Small Town Developers II, LLC

Clarence Roby, Jr.
Gretna, Louisiana

Counsel for Defendants/Appellants,
Cascade Logistics, LLC, Kids 1st
Transportation, LLC, and Rory
Askin

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. concurs for reason assigned.

**MILLER, J.**

In this suit on a promissory note, the defendants, Cascade Logistics, LLC ("Cascade"), Kids 1st Transportation, LLC ("Kids 1st"), and Rory Askin ("Askin") appeal a summary judgment granted in favor of the plaintiff, Small Town Developers II, LLC ("Small Town"), finding the defendants liable to the plaintiff in the amount of $231,000.02, plus interest thereafter at the rate of 10% per year until paid, all costs of the proceeding, and reasonable attorney fees to be determined by the court at a later date. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

On June 21, 2019, Cascade, Kids 1st, and Askin ("Borrowers") executed a promissory note in the principal sum of $200,000.00, which was payable to Small Town as lender.[1] Under the agreement, Borrowers were to make interest only payments calculated at 10% per year of the total principal sum in the amount of $1,666.67 per month, which was due and owing on the first day of each month with the first payment due on August 1, 2019, and continuing from month to month for a period of five months with the final payment of principal and interest in the full amount of $201,666.67, being due on January 31, 2020. To secure the payment of the promissory note, Borrowers executed a security agreement wherein Borrowers granted Small Town a first priority security interest in and to 15 school buses, which were listed in "Schedule 2" of the agreement. Small Town's security interest in the 15 school buses was perfected by filing a Uniform Commercial Code – Financing Statement, UCC-1 ("UCC-1 Statement"), on June 17, 2020 – approximately one year after its execution. According to both Small Town and Borrowers, the $200,000.00 was to be used to pay insurance premiums owed by Borrowers for insurance policies covering Cascade and Kids 1st. This agreement is not reflected in the loan documents.

---

[1] The front page of the promissory note is dated August 1, 2019. This appears to be an error, and we assigned no meaning to this discrepancy.

2

Borrowers failed to make any of the scheduled payments to Small Town due under the promissory note. In June 2020, Small Town filed a "Petition in Suit on Promissory Note and Security Interest" against Borrowers, seeking $231,000.02, with judicial interest from the date of demand until paid, reasonable attorney fees, and all costs of the proceedings. Thereafter, Borrowers filed an answer denying the allegations contained in the petition.

On October 5, 2022, Small Town filed a motion for summary judgment, contending there were no issues of material fact and Small Town was entitled to judgment as a matter of law. Small Town alleged Borrowers confessed judgment on the debt owed pursuant to the promissory note executed by Borrowers in favor of Small Town and Small Town properly executed and recorded the UCC-1 Statement. Thereafter, on April 14, 2023, Borrowers filed a memorandum in opposition to Small Town's motion for summary judgment.[2] Borrowers argued Small Town was not entitled to summary judgment and there was no proof of consideration for the loan. Specifically, Borrowers contended the sole member and manager of Small Town, Rowland Stalter ("Stalter"), did not present the check for payment of insurance coverage.

In May 2023, the trial court heard arguments pertaining to Small Town's motion for summary judgment and granted the motion in favor of Small Town and against Borrowers, jointly, severally, and in solido, in the full amount of $231,000.02, plus interest due on that amount under the promissory note sued upon, at a rate of 10% per year, from June 18, 2020, until paid; all costs of the

---

[2] In response to Borrowers' memorandum in opposition, Small Town filed a motion to strike, alleging Borrowers' memorandum was untimely. Small Town argued that the hearing on the motion for summary judgment was set for April 27, 2023, and Borrowers did not file their opposition until April 14, 2023. Small Town further contended Borrowers did not serve Small Town with the opposition until April 21, 2023. A hearing on Small Town's motion for summary judgment and Small Town's motion to strike was held on the same day. The trial court first heard arguments regarding the motion to strike, and denied the motion. The trial court's ruling allowing the late-filed memorandum in opposition is not before us on appeal, as Small Town neither filed an answer to this appeal nor mentioned its objection to Borrowers' late-filed memorandum in its appellee brief with this court.

3

proceedings; and reasonable attorney fees to be determined by the court at a later date. Further, the trial court held the security agreement between the parties was good and sufficient and enforceable between the parties. The judgment was signed on July 13, 2023. Borrowers appealed, contending the trial court erred in granting Small Town's motion for summary judgment.

## LAW AND DISCUSSION

An appellate court reviews the grant or denial of summary judgment[3] *de novo* under the same criteria governing the trial court's determination of whether summary judgment is appropriate. M/V Resources LLC v. Louisiana Hardwood Products LLC, 2016-0758 (La. App. 1st Cir. 7/26/17), 225 So. 3d 1104, 1109, writ denied, 2017-1748 (La. 12/5/17), 231 So. 3d 624. Because this court reviews summary judgments *de novo*, we afford no deference to the trial court's underlying reasoning for its judgment. John River Cartage, Inc. v. Louisiana Generating, LLC, 2020-0162 (La. App. 1st Cir. 3/4/20), 300 So. 3d 437, 453 n.12. On *de novo* review, we also afford no deference to the legal standard or analysis applied by the trial court. Tucker v. Chatfield, 2023-0343 (La. App. 1st Cir. 11/9/23), __ So. 3d __, __, 2023 WL 7410052, *4.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The summary judgment mover maintains the burden of proof. See La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court

---

[3] Louisiana Code of Civil Procedure article 966 was amended by La. Acts 2023, No. 317, § 1; La. Acts 2023, No. 368, § 1, effective August 1, 2023. This court has determined that the amendments are substantive and cannot be applied retroactively. See La. C.C.P. art. 966, Comments – 2023, Comment (f); Ricketson v. McKenzie, 2023-0314 (La. App. 1st Cir. 10/4/23), __ So. 3d __, __, 2023 WL 7037495, *4. Accordingly, in the instant matter, we apply the version of La. C.C.P. art. 966 in effect at the time the motion for summary judgment was submitted and heard.

4

on the motion, his burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. If the adverse party fails to meet this burden, the mover is entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1).

Summary judgment is an appropriate procedural device to enforce a promissory note when the defendant establishes no defense against enforcement. Gurney v. McCoy, 2021-0696 (La. App. 1st Cir. 4/4/22), 341 So. 3d 703, 708. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Wachovia Mortgage Corporation v. Hoover, 2021-1035 (La. App. 1st Cir. 4/8/22), 342 So. 3d 1, 5, writ denied, 2022-00860 (La. 9/27/22), 347 So. 3d 156. In a suit to collect on a promissory note, once the plaintiff, as holder of the note, proves the maker's signature, or the maker admits it, the holder has made out a *prima facie* case by mere production of the note. The burden then shifts to the defendant to prove the existence of a triable issue of material fact and/or any affirmative defenses. Riedel v. Fenasci, 2018-0538 (La. App. 1st Cir. 12/28/18), 269 So. 3d 995, 999.

Here, Borrowers argue there is no evidence that the $200,000.00 was paid by Small Town to the insurance company on behalf of Borrowers.

In support of its motion for summary judgment, Small Town attached the promissory note; the deposition of Askin; a copy of a check from Stalter made out to the insurance company; the security agreement; a demand letter dated March 5, 2020; the UCC-1 Statement; and the affidavit of Stalter.[4]

---

[4] Louisiana Code of Civil Procedure article 966(A)(4) provides the only documents that may be filed in support of a motion for summary judgment are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and

The promissory note was executed on June 21, 2019. The note identifies Cascade, Kids 1st, and Askin as the borrowers, and it provides that Small Town is the holder of the note. The last page of the promissory note is signed by Askin on behalf of Cascade, Askin on behalf of Kids 1st, and Askin on his own behalf. Further, the note contains the signatures of two witnesses and a notary. The check written by Stalter, payable to "Hub International," in the amount of $200,000.00, was dated June 21, 2019.[5] The check indicated that it was for payment of the outstanding premium due for Cascade and Kids 1st. The security agreement was also executed on June 21, 2019. The agreement provides that, as a condition of Small Town loaning Borrowers the $200,000.00, Borrowers granted Small Town a first priority security interest in and to 15 school buses, which were listed in "Schedule 2" of the agreement. By March 2020, Borrowers failed to pay five monthly, interest only payments, so Small Town sent Borrowers a demand letter. The demand letter stated Borrowers owed Small Town $231,001.12, under the promissory note. Thereafter, in June 2020, Small Town filed the UCC-1 Statement, which provided that Borrowers were the debtors and the collateral included 15 buses.

During his deposition, Askin testified that Small Town agreed to loan Borrowers $200,000.00, to be used to pay premiums for insurance for Cascade and Kids 1st. When asked whether his agreement with Stalter was reduced to writing, Askin stated that the agreement for the $200,000.00 loan was reduced to writing through the promissory note and the agreement that the $200,000.00 loan would be used to pay insurance premiums for Cascade and Kids 1st was reduced to writing

admissions. However, under La. C.C.P. art. 966(D)(2), the court shall consider any documents to which no objection is made, and any objection to a document shall be raised in a timely filed opposition. Borrowers did not raise any objection in a timely filed opposition, so the trial court properly considered the documents.

[5] Hub International is the insurance company Stalter was to pay on Borrowers' behalf. The check appeared to be drawn on Stalter's personal account and not on Small Town's account.

through the insurance policies. Askin stated that Stalter wrote a personal check from his account to the insurance company to pay for insurance premiums that were due and for an upcoming payment that would soon be due. Askin further stated that he did not directly receive any of the $200,000.00. Askin specified that the $200,000.00 loan was to be used to pay "a down payment that was owed" for the insurance policy and also a "current insurance payment that was owed." When Askin was asked if the signatures on the promissory note were his, Askin replied, "Yes." Further, when asked where he signed the promissory note, he replied, "in a restaurant on the Northshore." Askin further stated he signed the security agreement on the same day that he signed the promissory note and Cascade and Kids 1st owned 15 buses at the time the promissory note was signed. Askin indicated that neither Cascade nor Kids 1st have made any payments on the promissory note.

Small Town also attached the affidavit of Stalter, the sole member and manager of Small Town. Stalter indicated he is the holder of the promissory note and the security agreement. He stated that on June 21, 2019, he used a personal check representing funds belonging to Small Town to pay the insurance company $200,000.00 for insurance premiums then due and owing for insurance policies covering Cascade and Kids 1st. He further indicated that demand was made on Borrowers in accordance with the terms of the promissory note, Small Town did not receive any payments from Borrowers that were due on the promissory note, and Borrowers defaulted on the loan.

Small Town has established it is the holder of the promissory note through evidence of the note itself, through the deposition testimony of Askin, and through the affidavit of Stalter. Further, Small Town proved Askin signed the note on behalf of Borrowers through Askin's deposition testimony where he stated that he did in fact sign the note on behalf of himself and his companies. Since Borrowers

7

admitted to signing the note, Small Town, as the holder of the note, has made a *prima facie* case by mere production of the note. Therefore, the burden shifts to Borrowers to prove the existence of a genuine issue of material fact and/or any affirmative defenses. See Riedel, 269 So. 3d at 999.

In response, Borrowers contend that the affirmative defense of want or lack of consideration applies in this case. The affirmative defense of want or lack of consideration is defined as no consideration at the time the instrument was given. Winston v. Hall, 2017-1097 (La. App. 1st Cir. 4/6/18), 2018 WL 1663020, *3. In a suit on a promissory note by a lender against the borrower, the lender will be given the presumption that the instrument was given for value received unless the borrower casts doubt upon the consideration; once the borrower has cast doubt upon the issue of consideration, the burden shifts to the lender to prove consideration by a preponderance of the evidence. Id. It is important to note that no one claims that any loan proceeds were paid directly to Borrowers. The issue on summary judgment is whether money was paid on behalf of Borrowers.

In support of their memorandum in opposition, Borrowers attached the promissory note; the security agreement; the deposition of Askin; a copy of a check from Stalter made out to the insurance company; and the affidavit of Askin on behalf of Cascade and Kids 1st. In the affidavit of Askin on behalf of Cascade and Kids 1st, Askin stated he is the owner of Cascade and Kids 1st, and he signed the promissory note dated June 21, 2019. Askin indicated that in August 2019, Stalter created a new insurance policy, which had a down payment of $200,000.00. He further stated that he executed a security agreement, pledging 15 buses as collateral. Askin attested that the check Stalter wrote out to the insurance company in the amount of $200,000.00 was never negotiated in accordance with the promissory note and security agreement and Stalter breached the terms and conditions of their agreement by failing to pay the $200,000.00.

8

Borrowers contend that Askin's affidavit demonstrates a want or lack of consideration. Thus, Borrowers maintain the affidavit establishes the existence of a genuine issue of material fact because there is no evidence that the $200,000.00 was ever paid to the insurance company. While Borrowers offered the check in question in support of their memorandum in opposition, the check itself reflects that it was issued by Stalter in his personal capacity, not by Small Town. Further, the check does not indicate that it was negotiated and there are no receipts showing the insurance was purchased on behalf of Borrowers or how much of the $200,000.00 was applied to the insurance premium payments. Therefore, as to Borrowers' assertion that there was a want or lack of consideration, we find this fact material and genuinely disputed. This conflict in testimony necessitates a credibility determination, which is not appropriate for summary judgment.

## CONCLUSION

For the above and foregoing reasons, the July 13, 2023 judgment of the trial court granting Small Town Developers II, LLC's motion for summary judgment is reversed. Costs of this appeal are assessed to Small Town Developers II, LLC.

**REVERSED.**

9

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NO. 2023 CA 1148

# SMALL TOWN DEVELOPERS II, LLC

# VERSUS

# CASCADE LOGISTICS, LLC, KIDS 1st TRANSPORTATION, LLC, AND RORY ASKIN

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**McClendon, J., concurring.**

I agree that genuine issues of material fact exist, which are sufficient to preclude summary judgment. Specifically, there are issues of fact regarding consideration for the loan. Although Mr. Stalter attested that the $200,000.00 was used to pay the insurance premium as contemplated by the parties' contract, Mr. Askin's deposition testimony casts doubt on this statement. Specifically, Mr. Askin testified as follows:

> The agreement that Rowland Stalter had with reference to insurance – he was also my insurance agent. And so he was able to defer insurance payments, which brought us here. And when school started, he pulled out of our arrangement, and he issued no insurance to my school providers.

This conflict in testimony necessitates a credibility determination, which is not appropriate for summary judgment. Accordingly, I concur with the result reached by the majority.